## GEBELIN v. DETROIT FIRE & MARINE INS. CO.

### No. 1245.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

Laycock & Moyse, of Baton Rouge, for appellee.

LeBLANC, Judge.

This case involves the interpretation of Act No. 136 of 1922 which is an act relating to policies of fire, lightning, and windstorm insurance which contain a coinsurance clause.

The subject of insurance was certain movable property which belonged, at the time the policy was issued, to Baton Rouge Electrical & Machine Works, Inc., and which had subsequently been transferred, with an assignment of the policy, to the plaintiff herein, Mr. Joseph Gebelin. After the loss, by fire, the damage was estimated at $796 and it is agreed that, if the coinsurance clause is effective, the defendant owes plaintiff the sum of $155.-33, otherwise defendant is liable for the full amount of the loss as demanded herein by the plaintiff. In addition to the amount of the loss, plaintiff demanded statutory damages for delay in payment and $150 for attorney's fees.

The defendant insisted on a settlement of the loss under the terms of the coinsurance clause contained in the policy. By agreement, the sum of $155.33, which it acknowledged as being due thereunder, was paid without prejudice to the plaintiff's rights to demand the full amount claimed by him.

From a judgment which was rendered on the face of the papers and which awarded plaintiff the full amount of the loss he had sustained, together with the penalty demanded, and reserved to him the right to establish his claim for attorney's fees, the defendant has taken this appeal.

The vital issue presented is in reference to the legend that is to be stamped on the face and back of an insurance policy which contains a coinsurance clause. The legend prescribed by the statute itself is in the following words: "This policy is issued subject to the conditions of the Co-insurance clause attached thereto." The legend was stamped on the policy involved in this case on its back but was not stamped on the face of the policy.

The act in question in effect prescribes, under section 1, that after its enactment, no insurance policy written in this state protecting property against loss by fire, lightning, or windstorm shall contain a coinsurance clause and declares that all clauses and provisions to that effect "in such insurance policies issued after the taking effect of this Act, in contravention of the prohibitions in this Act contained shall be ab initio void and of no effect." Immediately following this positive declaration comes a first proviso to the effect that the provisions of the act shall not apply to policies issued on property valued at more than $25,000 at the time of insurance, or upon personal or movable property, and a second proviso requiring that all policies issued with the coinsurance clause have the legend just quoted stamped on the face and back thereof.

The evident purpose of the statute was to deter insurance companies doing business in this state from writing policies of fire, lightning, and windstorm insurance containing coinsurance clauses as appears from the sweeping provisions of section 1 which we have quoted from. Such also was the obvious purpose of Act No. 187 of 1908 which contained a similar provision. It seems plain, however, from a reading of the last-named act, that an exception was made in the case of personal or movable property and that policies issued on that kind of property could contain a coinsurance clause provided there was stamped on the face and back of the policy, the words: "This policy is issued subject to the conditions of the Co-insurance clause attached hereto." When the Legislature, in 1922, adopted and enacted into law, Act No. 136, the particular purpose it had in mind, according to our view of the matter, was to enlarge the provisions of the former act and extend to the insurance companies doing business in this state the privilege of using the coinsurance clause with respect to property valued at more than $25,000 at the time of the issuance of the policy, in addition to personal

or movable property. The same requirement was prescribed, however, and in order for any coinsurance clause to be valid it is necessary that the policy in which it is contained bear on its face and back the legend: "This policy is issued subject to the conditions of the Co-insurance Clause attached thereto."

Counsel for defendant contend for an interpretation of the statute that would give effect to the first proviso following the declaration of absolute nullity as to coinsurance clauses in policies affecting movable property, but which would ignore entirely the second proviso which is to the effect that all policies of insurance issued with the coinsurance clause shall bear the legend quoted stamped on the face and back thereof. They urge that, because the statute prescribes that its provisions shall not apply to movable property, that all policies insuring that class of property against loss may contain a coinsurance clause, and that without regard to any requirement whatever. They further urge that, as the penalty provided for is for the doing of things that are in contravention of the prohibitions in the statute, and the stamping of the legend prescribed is a matter that is merely directory, it is not the purpose of the penalty clause to operate against the mere failure to comply with his directory requirement. We cannot follow counsel in the argument they present, as in our opinion, such interpretation of the statute would give effect to some of its provisions and lead to an absolute disregard of others which appear to be equally as important and material. It would, moreover, make entirely meaningless that proviso requiring the stamping of the legend on the face and back of the policy, whereas the definite purpose the Legislature had in mind was to provide a method in which insurance companies could write policies with a coinsurance clause on the two classes of property which it had excepted from the strict penal provisions of the statute. As to these two classes of property, it provided that policies could be issued under a coinsurance clause, but when so issued had to bear notice to that effect on both the face and the back of the policy in the very words which the law itself prescribed. Failing in this mandatory requirement, as did the policy in this case, the coinsurance clause was stricken with the nullity prescribed in the act.

Defendant finally pleads estoppel against the plaintiff, based on several grounds stated in its answer, but the answer to the plea itself seems to us to lie in the fact that estoppel cannot be invoked to impair the force and effect of a prohibitory law, such as we are here concerned with. Succession of Jacobs, 104 La. 447, 29 So. 241. "An acknowledgment can never be invoked to maintain a condition or state of things created in violation of a prohibitory law." Factors' & Trad-

ers' Ins. Co. v. New Harbor Protection Co., 37 La. Ann. 233. Granting that the plea was properly urged, which counsel for plaintiff contend it was not, it could not prevail.

The judgment appealed from is, in our opinion, correct and therefore affirmed.