LeBLANC, Justice.
Jonesboro Lodge No. 280 of Free and Accepted Masons and Jonesboro Lodge No. 91 of Independent Order of Odd Fellows, both domiciled in Jonesboro, Jackson Parish, jointly own a three story brick building in Jonesboro which was insured against loss or damage by .fire, by the American Central Insurance Company, an insurance corporation organized under the laws of Missouri and authorized to do- business in Louisiana. The policy of insurance is dated October 17, 1946 and on February 9, 1948 while it was in full force and effect, the insured building was damaged by fire. The insurance company was duly notified and, for adjustment of the loss, the matter was referred to the Monroe, Louisiana branch of the General Adjustment Bureau, Inc. Appraisers were appointed by both the insured lodges and the insurance company and without the necessity of calling in the umpire who had been designated they agreed in fixing the value of the building at $40,000.00 and the amount of the loss at $2671.48.
The insurance policy contained a co-insurance clause which reads as follows: “It is a part of the consideration of this Policy, and the basis upon which the rate of premium is fixed, that the Insured shall at all times maintain insurance on each item of property insured by this Policy, o-f not less-than seventy-five per cent (75%) of the actual cash value thereof and that, failing so to do-, the Insured shall be an Insurer to the extent of such deficit and in that event shall bear his, her or their proportion of any loss.”
The two insured lodges- made demand on the insurance company for the full amount of the loss as fixed 'by the appraisers. The insurance company, relying on the co-insurance clause in the policy, contended that it was only liable for one-sixth of the amount of the damages and accordingly tendered its check in the sum of $445.25 in full settlement. The two lodges, through the at *408 torneys employed by them, refused to- accept-the settlement -offered and filed this suit seeking to recover the full amount that had. been demanded.
In their petition the plaintiff lodges, after setting out their ownership o-f the building, the insurance coverage, the damage sustained by the fire and the refusal of the insurance company to p-ay after having been furnished the necessary proof of loss, aver that the company’s refusal was arbitrary, unreasonable and without cause or excuse whatsoever and because of the delay it had incurred the statutory penalty of twelve per cent of the amount due plus a -reasonable attorney’s fee which should be no less than $1000.00. They pray for judgment accordingly.
The defendant insurance company bases its defense on the co-insurance clause contained in the policy which was in full force and effect, with the provisions of which it had complied and under which, it avers, it owes the plaintiff only the sum of $445.25 which it had tendered and which tender it renews by presenting that amount in the registry of the Court.
After trial in the Court below there was judgment in favor o-f the plaintiffs fo-r the full amount demanded with twelve per cent penalty and the additional sum of $750.00 as attorney’s fees. From the judgment the defendant has appealed.
There are three points to be considered in the case: (1) The applicability of the coinsurance clause in the policy of insurance, (2) the liability vel non of the defendant fo-r the penalty of twelve per cent damages and attorney’s fee under the provisions of Act 168 of 1908, and (3) if the penalty and the attorney’s fee are recoverable, the amount which should be allowed as a reasonable fee.
Plaintiffs assign several reasons why the co-insurance clause should not be applied to the policy in this case but as we have concluded that one of the reasons they advance is well founded and sufficient to invalidate the -clause we will concern ourselves with that one alone. It has to do with the failure of the insurance company to have complied with a mandatory provision of Act 136 of 1922 with respect to stamping on the face and back of the policy the legend that it was issued subject to a co-insurance clause.
It would seem that this form of insurance was, or we might say still is, looked on with disfavor in this State. We say that because the Act we have just referred to contains very positive language to the effect that no insurance policy issued by any insurance company doing business in this State shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that covered by the policy itself, nor in any way providing that the assured shall be liable as co-insurer with the company issuing the policy for any part of the loss which may be occasioned. Then follows a provision which strikes all *410 such clauses with invalidity for it is stated: “And all clauses and provisions in such insurance policies issued after the taking effect of this Act, in contravention of the prohibitions in this Act contained shall be ab initio void and of no effect; * * That, it occurs to us, is a declaration of policy which cannot be misunderstood.
However, with the view most probably of appeasing certain groups or interests, there was an exception made in- the Act with regard to property valued at more than $25000.00 at the time of the issuance of the policy and to personal or movable property. Policies covering these classes of property •could contain a valid and binding co-insurance clause but as to these the Act further sets out that they “shall have the following stamped on the face and back thereof: 'This policy is issued subject to the conditions of co-insurance clause attached thereto;’ * * *.”
The Court o.f Appeal for the First Circuit had this provision of the Act under consideration in the case of Gebelin v. Detroit Fire & Marine Insurance Co., 151 So. 260 and gave it full effect, holding that it was mandatory and that failure of full compliance resulted in striking the co-insurance •clause in the policy with the nullity prescribed in the Act.
In Cruze v. Life Insurance Co. of Virginia, 184 So. 735, 738, the Court of Appeal, Orleans Parish, held that a requirement in Section 1 of Act 193 of 1906, to the effect that every policy of life insurance or endowment (other than a term policy for twenty years or less) shall after January 1, 1907, contain a stipulation relating to non-forfeiture and that it is issued subject to the provisions of the Act, was a command to the insurance companies (as the parties primarily affected by the Act) “to inform all persons taking out policies after January 1, 1907, by suitable written stipulation, that certain rights under the contracts were to be governed by the Act.” The Court made this pertinent observation: “We feel that we are entitled to assume that the lawmakers believed that the effective way of directing the attention of the public to the provisions of that law was to require that all insurance companies insert in the policies issued by them the fact that the contract is subject to the terms of the statute.” Thus it would seem that the Courts have insisted on a rigid enforcement of such statutory provisions.
In the case of Gebelin v. Detroit Fire & Marine Insurance Co., (supra) the legend required by the statute was stamped on the back of the policy only and it was held that there was a lack of compliance. In this case there is something stamped by stencil on both the face and the back of the policy but it is blurred and illegible. It is the contention of counsel for defendant that there are some words which appear clear enough to place the policy holder on guard and that it was the duty of these insured lodges to find out what was meant by the legend thus stamped. The law does not im *412 pose such duty on the insured. It requires the stamping of the prescribed legend in a manner that can readily and effectively direct his attention to the fact that the policy had been issued subject to a co-insurance clause, and this, the legend as stamped, did not do. It was the intention of the legislature, in prescribing the exact wording of the legend that was to be stamped on the policy, that every word should be clearly set out; otherwise it would not have been so specific in providing the form of indicating that the policy contained a co-insurance clause.
We conclude therefore that the trial judge was correct ’in holding that the co-insurance clause' in the policy sued on was not applicable and this leads us to the second issue involved in the case which has reference to the damages claimed.
Act 168 of 1908 places the duty on fire insurance companies to1 pay the claim under their policies within sixty days from receipt o>f proofs of loss from the assured and upon their failure to do so they shall be liable to pay, in addition to; the amount of the loss, twelve per cent damages on the total amount of the loss as may be determined 'by a court of competent jurisdiction, plus reasonable attorney’s fees. This provision was held to be mandatory in the case of Isaac Bell, Inc. v. Security Insurance Co., 175 La. 599, 143 So. 705, and again in Pizzolato v. Liverpool & London & Globe Ins. Co., 207 La. 101, 20 So.2d 551.
However, the defendant now claims that these provisions have been superseded by the later provisions of the Louisiana Insurance Code which is Act 195 of 1948 from which it appears, in Sec. 14.48 that the penalty for. failure to pay the amount of the loss within sixty days can be exacted only “when such failure is found to be arbitrary, capricious, or without probable cause”. Counsel point out that the loss in this case occurred on February 9, 1948, that the provisions of Act 195 of 1948 became effective in the month of August, 1948 and that suit was instituted November 13, 1948. They contend that as the Act is procedural, the present suit is controlled by its provisions, and unless it is showmthat the delay in settlement of the claim was arbitrary, capricious or without probable cause, the demand for damages should fall. We are of the opinion that the Act is not procedural in the respect in which counsel contend and hold that its provisions do not apply in this case where it 'is shown that the loss occurred, demand was made and a check tendered (in the sum of $445.25) in full settlement, all before that Act came into effect in August of 1948.
Counsel for defendant also urge that the demand for damages cannot be supported because there never was any proof, of loss filed. On this point however, the decision of the Court in Arcadia Bonded Warehouse Co., v. National Union Fire Ins. Co., 206 La. 681, 19 So.2d 514, is controlling. In that case it was held, as reflected in syllabus No. 4: “Where insurer made .a complete 'investigation and adjustment of loss against which it issued a use and oc *414 cupancy fire policy and denied liability beyond a stated sum and only dispute was whether a co-insurance clause was valid, it was unnecessary that insured, in order to hold insurer liable for statutory penalty and attorney’s fees, furnish proof- of loss on blank forms furnished by insurer. Act No.' 168 of 1908.”
 The damages of twelve per cent were properly allowed in the Court below but it is now conceded by the plaintiffs that the district judge failed to give the defendant credit for the amount of $445.25 which had been tendered. The judgment will have to be amended accordingly.
We find that damages in the sum of $750.00 for attorney’s fees -is a bit excessive, considering the amount to- be recovered. We are of the opinion that an allowance of $500.00 is more in line with those that were made in former cases, some of which are fairly recent. See especially Arcadia Bonded Warehouse Co. v. National Union Fire Ins. Co., supra.
For the reasons stated it is ordered that the judgment appealed from be amended by reducing the principal amount of the decree from the sum of $2671.48 to the sum -of $2226.23, and the amount allowed as -attorney’s fees from the sum of $750.00 to the sum of $500.00, and that as thus amended, the said judgment be affirmed.
It is further ordered that the costs of this appeal be paid -by the plaintiffs, appellees.