**Joyce McDaniel SHORE**

**v.**

**NORTHWESTERN UNDERWRITERS OF the CITIZENS INSURANCE COMPANY OF NEW JERSEY.**

**Civ. A. No. 8375.**

United States District Court
W. D. Louisiana,
Monroe Division.

Aug. 20, 1962.

BEN C. DAWKINS, Jr., Chief Judge.

June 3, 1960, Pauline Mitchell McDaniel, who had legally adopted Joyce McDaniel Shore, plaintiff here, died leaving a purported last will and testament bequeathing her immovable property to plaintiff and Joseph Clarence Mitchell. In consideration of a renunciation of any claim under the will by Mitchell, plaintiff agreed to sell the property after she had inherited it in full, and had been placed in possession of it by the probate court; and, after paying the debts of the succession, would divide the proceeds with Mitchell.

Defendant insured the improvements on the property against fire and other hazards with coverage of $10,000 on the dwelling and $1,000 on the household effects and personal property in the building. Plaintiff was the named insured. November 27, 1960, before a sale of the property could be consummated, fire totally destroyed the insured building and its contents.

Within 60 days from the timely filing of proof of loss, defendant tendered plaintiff $1,000 for the personal and household effects and $5,000 for plaintiff's interest in the insured dwelling. Claiming that she was entitled to the full face amounts of the policy under Louisiana's Valued Policy Statute, plaintiff brought suit in the state court for $11,000, plus statutory penalties, interest and attorney's fees. Defendant timely removed the case here.

Although the Louisiana Valued Policy Statute, LSA–R.S. 22:695,[1] clearly states that the insurer shall pay, in case of total destruction, the *total amount* for which the property is insured, defendant contends that plaintiff's recovery should be limited only to her insurable interest. It argues that by virtue of the agreement with Mitchell, plaintiff's interest was one-half.[2]

As its principal support for this position, defendant relies upon Lighting Fixture Supply Co., Inc. v. Pacific Fire Ins. Co. of New York,[3] decided by the Louisiana Supreme Court in 1933. While we do not hold that the Lighting Fixture case is not indistinguishable on its facts, the much more recent case of The Forge, Inc. v. Peerless Casualty Company, (La. App., 2nd Cir., 1961) 131 So.2d 838, cert. denied October 4, 1961, interprets the Louisiana valued policy law as presently in force and clearly points out the rationale of the Lighting Fixture case, which is not applicable here. In discuss-

ing the 1952 amendment to the Valued Policy Statute, the court said, "It seems clear that the purpose of this amendment was to remove any ambiguities created by the Lighting Fixture case, not only with regard to the problem of what objects, when insured, are governed by the valued policy law, but also the uncertainties surrounding insurable interest. The Legislature simply expressed its desire that in the event of a loss, an insured party shall receive the indemnity for which he paid." [4]

There the court also expressed its approval of the meaning of valued policy laws found at 29A Am.Jur., Insurance, Sec. 1556: "It is recognized by all the cases decided upon the question that under a valued policy or the provisions of a valued policy statute, the insured insuring the property at a given valuation accepted by the insurer at the time of the issuance of the policy as the value of the insured's interest may recover the full value insured, even though he in fact has

---

1. "§ 695. *Valued policy clause; exceptions*

   "A. Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o'clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of total destruction, without criminal fault on the part of the insured or the insured's assigns the *total amount* for which the property is insured, at the time of such total destruction, in the policy of such insurer. [Emphasis added.]

   "B. Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o'clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of partial damage, without criminal fault on the part of the insured or the insured's assigns, such amount, not exceeding the amount for which the property is insured, at the time of such partial damage, in the policy of such insurer, as will permit the insured to restore the damaged property to its original condition.

   "C. Nothing herein shall be so construed to prevent the insurer, under any such fire insurance policy, at such insurer's own expense and without contribution on the part of the insured, from replacing property, immovable by nature or destination, partially damaged or totally destroyed.

   "D. Any clause, condition or provision, which may be included in any policy of fire insurance, written to take effect at or after 12 o'clock noon, Central Standard Time, on the first day of August, 1952, contrary to the provisions of this Section, shall be null and void; but nothing herein shall be construed to prevent any insurer from cancelling or reducing the insurance on any property, immovable by nature or destination, previous to damage to or destruction thereof. Amended and reenacted Acts 1958, No. 125."

2. Both plaintiff and defendant introduced evidence attempting to show, respectively, that the replacement cost of the dwelling was substantially larger than the face of the policy, and that the actual value was less; but we find this evidence to be irrelevant here because of the Louisiana Valued Policy law.

3. 176 La. 499, 146 So. 35.

4. 131 So.2d at 842.

a limited or qualified interest worth less than the amount of the insurance. The insurer may not go behind the policy and show that the insured's interest is worth less than the amount of the policy."[5]

Defendant also relies on Rube v. Pacific Insurance Co. of New York.[6] Since that case concerns itself only with the necessity of a person having *some* insurable interest before being able to recover on a policy of insurance, it is not applicable here.

■ Since The Forge case resolves all questions which might have supported defendant's contentions under Louisiana law, plaintiff is entitled to recover the full amounts of the policy. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

LSA–R.S. 22:658 [7] provides that insurers shall pay the amount due within 60 days after receipt of satisfactory proofs of loss from the insured. When the insurer fails to make such payment timely and the failure is arbitrary, capricious, or without probable cause, pro-vision for penalties and attorney's fees is made.

■ Since there were no factual issues in dispute and defendant had much more than 60 days from the time when certiorari was denied in Forge (October 4, 1961) and the date of the trial of this case (April 26, 1962), within which to pay or tender the face amount of the policy, its failure to pay or tender the full amount of insurance was without probable cause. This is particularly true since the last amendment to the Valued Policy Law was enacted by the Louisiana Legislature in 1952, some 19 years after the Lighting Fixture decision.

■ The statute sets forth that the penalties and attorney fees stipulated are due upon the difference between the amount found to be due, in this case $11,000, and the amount tendered, $6,-000.[8] Plaintiff contends that a 25% penalty would be proper. We read the statute as providing for a 25% penalty only upon motor propelled vehicles and the like. Therefore, a penalty of 12% on the $5,000 difference would be correct.[9] We

---

5. Id.

6. (La.App., 1st Cir., 1961) 131 So.2d 240.

7. "§ 658. *Payment of claims, policies other than life and health and accident; penalties*

"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees. Amended and reenacted Acts 1958, No. 125."

8. Ibid.; Jonesboro Lodge v. American Central Insurance Co., 218 La. 403, 49 So.2d 740 (1950); Darvie v. American Bankers Insurance Co. of Florida, 80 So.2d 541 (Orleans App.1955); See Steadman v. Pearl Assurance Co., Ltd., 242 La. 84, 134 So.2d 884 (1961) and cases cited at p. 888; Arcadia Bonded Warehouse Co., Inc. v. National Union Fire Insurance Co., 206 La. 681, 19 So. 2d 514 (1944).

9. While some cases have awarded 25% damages for losses not suffered by motor vehicles and the like (See Creel v. Audubon Insurance Co., 128 So.2d 284 (1st Cir., 1961)), and losses suffered by motor vehicles not caused by fire or theft (See, Hammack v. Resolute Fire Insurance Co., 233 La. 359, 96 So.2d 612 (1957)), the Supreme Court of Louisiana said in Stovall v. Sterling Fire & Ma-

think attorney's fees of $1,000 would be reasonable, and that interest at the rate of 5% per annum on the full face amounts of the policy, $11,000, should run from date of judicial demand (June 30, 1961) until paid. All taxable costs will be borne by defendant.

A proper decree should be presented on notice.

rine Ins. Co., 163 La. 284, 111 So. 707 (1927), when plaintiff claimed 25% damages for fire under Act No. 59, Extra Session of 1921, "But that law applies only to companies engaged in the business of insuring motor-propelled vehicles and the like against fire and theft. The act which applies here is Act No. 168 of 1908, p. 226, under which plaintiff is entitled as damages to 12 per cent on the amount recovered * * *." Inasmuch as these two acts preceded enactment of LSA–R.S. 22:658 and were combined in the Revised Statutes, this interpretation is applicable to the Revised Statutes.