ST. PAUL, J.
 

 The defendant insured plaintiff against loss by fire as follows: (1) $2,500 on stock of merchandise; (2) $500 on store building; and (3) $250 on store fixtures —all of which were destroyed by fire on June 12, 1922, and plaintiff now sues for the amount of the policy.
 

 
 *287
 
 The defense is that plaintiff violated the ■“iron-safe clause” of the policy in that: (1) He failed to take an itemized inventory of his stock within one year before, or within 30 days after, the issuance of the policy; (2) he failed to keep a set of books presenting plainly a complete record of the business transacted and showing clearly all purchases and all sales, both for cash and on credit, from date of inventory; (3) he failed to keep said inventory and records securely locked in a fireproof safe at night and at all times when the store was not open for business; and (4) he failed to produce such books and inventories for inspection after the fire.
 

 I.
 

 The first and fourth clauses above mentioned were not violated, for: (1) An inventory had been taken within a year before the issuance of the policy; and (2) defendant did produce after the fire all the records which had not been destroyed therein.
 

 But our opinion is: (1) That the records so produced are not such as were required by the policy; and (2) that they were not kept
 
 securely loelced
 
 in the fireproof safe at night, and particularly on the night when the fire occurred.
 

 II.
 

 Plaintiff kept no
 
 hoolcs
 
 at'all, not even a cash book; he simply retained and placed in his safe the invoices of merchandise received and the sales slips or memoranda of sales made, whether for-cash or on credit; and this so-called “ticket system” was so loosely kept that there was “nothing to show what money taken in during the day was paid on previous [credit] purchases and what was paid on purchases for cash.” So that, even with the production of such sales slips as were not destroyed by the fire, it is now simply impossible to arrive at the gross amount of sales, there being no record whatever of the total cash received and no complete record of bills still unpaid, and all
 
 cash sales
 
 slips having been destroyed in the fire. In fact the system used by plaintiff is even far less available as á means of ascertaining what sales were made, and hence what merchandise was still on hand, than that pursued in Boulanger v. British Underwriters, 141 La. 461, 75 So. 207, of which we said:
 

 “A provision in a fire policy requiring assured to keep a set of books presenting a complete record of business transacted, including purchases, sales, and shipments both for cash and credit, was not complied with by making a memorandum * * * of each cash receipt and each credit sale and entering these items in the cash book and ledger weekly and keeping no account of purchases except by preserving the invoices of those purchases for which there were invoices.
 
 * * * ’’
 
 (See syllabus.)
 

 And however liberal this court may have been in accepting records, which though informally and irregularly kept, yet did in fact afford such information as might suffice to establish the amount of goods on hand at the time of the fire, nevertheless we have always insisted that:
 

 “The books or data kept must show with reasonable certainty a complete record of the business transactions of the insured; and if they do not contain such a record, ‘ * * * the insured cannot recover.’ ” Manuel v. Stuyvesant Ins. Co., 156 La. 813, 101 So. 152.
 

 We have paid no attention to a small charred memorandum book said to contain a record of plaintiff’s cash sales, and produced for the first time at the trial of the case; for this reason, that if it be truly a record of plaintiff’s cash sales, then plaintiff has violated the fourth paragraph of the iron-safe clause by failing to produce it before defendant’s adjuster and there denying that he had any such book.
 

 III.
 

 Plaintiff’s invoices and sales slips were put into his fireproof safe at night; but be
 
 *289
 
 cause plaintiff did not want his safe blown open by burglars it was not his habit to lock his safe. On the night of the fire he closed the safe but did not lock it; with this result, that the very happening followed which it was intended to guard against by the provision of the iron-safe clause that said safe should bo “securely locked”; for when the safe fell during the fire, it burst open and its contents were largely destroyed or damaged by the surrounding fire, including the slips showing the cash sales, a matter in which defendant was vitally interested, since every sale not accounted for represented just that much more merchandise which defendant would be called upon to pay for though not destroyed by fire. And:
 

 “The failure to preserve the books and papers by putting them in an iron safe, or in some place removed from a dangerous proximity to the insured premises, was as much a flagrant and inexcusable violation of the iron-safe clause as was the failure to keep a set of books or other records of the business transacted, and • likewise vitiated the policy.” Thompson v. State Assurance Co., 160 La. 683, 107 So. 489.
 

 We therefore hold with the trial judge that plaintiff cannot recover for the stock of merchandise burnt.
 

 IV.
 

 It is manifest that the “iron-safe clause,” the substance of which is given above, has no possible application except to a changing stock of merchandise, which is constantly being added to by purchases and diminished by sales. It can, of course, have no application to such property. as comes within the terms of the valued ^policy law (Act No. 135 of 1900, p. 209), according to which the underwriter must either replace or repair the property or pay the face of the policy in full. That act clearly covers the case of the building (immovable) herein insured.
 

 But, in our opinion (aside from that act), it was never in the contemplation of the parties that the iron-safe clause should apply to insurance upon specific objects intended to be kept for use and not for sale. For instance, no one would be expected to take an itemized inventory of his household furniture and family clothing before insuring it, or to keep a set of books showing each article disposed of and each new article acquired; much less to provide himself with a fireproof safe in which to keep such records. The very idea shocks one’s common sense; and store and office fixtures, when not attached to the realty, are nothing else than furniture for use' in a store or office instead of for use in a home. Examples might be multiplied, but this suffices to show the utter inapplicability of the iron-safe clause to insurance of that character.
 

 And it is not of the least significance that defendant has insured a building and a stock of goods in one and the same “policy,” that is to say, by the same sheet of paper. For there are clearly two separate contracts, clearly distinguishable and clearly divisible; and whilst some features of the “policy” may be equally applicable to both contracts, there are others which are applicable only to the one or the other. Cf. Thompson v. State Assurance Co., 160 La. 683, 107 So. 489.
 

 Our conclusion is that plaintiff is entitled to recover for the loss of the building and of the fixtures; wherein we must reverse the judgment below.
 

 V.
 

 Plaintiff claims 25 per cent, damages under Act No. 59, Extra Session of 1921, p. 76. But that law applies only to companies engaged in the business of insuring motor-propelled vehicles and the like against fire and theft. The act which applies here' is Act No. 168 of 1908, p. 226, under which plaintiff is entitled as damages to 12 per cent on the amount recovered (and reasonable attorney’s fees, not herein prayed for).
 

 
 *291
 
 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that plaintiff, Logan J. Stovall, do have and recover judgment against defendant, Sterling Eire Insurance Company, for the full sum of $750 and 12 per cent, thereon as damages, with legal interest on the whole from judicial demand until paid, and the costs of both courts.