## NEW v. UNION AUTOMOBILE INS. CO.

### No. 4016.

Court of Appeal of Louisiana, Second Circuit, Second Division.

May 4, 1932.

For former opinion, see 137 So. 563.

Argued before STEPHENS, TALIAFERRO, and CULPEPPER, JJ.

Clifford E. Hays, of Minden, and Thatcher, Browne, Porteous & Myers, of Shreveport, for appellant.

Kennon & Kitchens, of Minden, for appellee.

CULPEPPER, J.

Defendant complains that the court erred in its original opinion (137 So. 563):

(a) In holding that defendant's adjuster's statement regarding his offer to pay plaintiff $250 in settlement was done other than in a spirit of compromise.

(b) In holding plaintiff entitled to recover statutory penalties.

(c) In holding it essential under Act No. 59 of 1921 (Ex. Sess.) § 3, that defendant pay plaintiff, insured, said $250, the amount of admitted liability, in order to escape penalties and attorney's fees, notwithstanding acceptance of payment was refused.

(d) In holding that this case is distinguishable from the cases of Hart v. Springfield Fire & Marine Ins. Co., 136 La. 114, 66 So. 558, 561, and Martin v. Home Ins. Co., 16 La. App. 216, 133 So. 773, 776, on the question of penalties.

(e) In holding that the statement on the witness stand by Leo J. Barrett, defendant's adjuster, that he had offered plaintiff the $250 constituted an admission of liability only as of the date on which the testimony was given, defendant contending that if it was an admission at all it dated back to the time the offer was made, which was long prior to the filing of the suit. The testimony in question was given on the trial of the pleas of prematurity and estoppel, had on October 24, 1930. Barrett testified that he made the offer to pay plaintiff the $250 on the occasion he called to make an adjustment with him, which was in May, 1930.

As to the first assignment of error, it is clear that the adjuster's statement, as testified to by him, that he offered to pay plaintiff $250 which he "figured was the value of his car," amounted to an admission of liability to that extent. Such was the view taken by the court in both the Hart and the Martin Cases above referred to. However, after further consideration, we have concluded that, in point of time, the date on which the offer was made should be taken as being the date of the admission.

Section 3 of the Act No. 59 of 1921 (Ex. Sess.), relied on by plaintiff for recovery of damages and attorneys' fees (this section is quoted in full in our original opinion), provides that if the proofs of loss submitted by the insured are not satisfactory to the insurance company, it shall be the company's duty to proceed under the terms of the policy to ascertain and adjust the amount of the loss and its liability thereunder and make payment of the amount due under its terms to the insured within sixty days from the date upon which it received the proof of loss offered by the assured. Upon the company's failure to make payment "within said time— after demand made therefor," the penalties attach. The act then provides that whenever the company shall pay within the sixty-day period the amount which its adjuster or agent has determined or admitted to be due, it shall be relieved from paying the penalties upon the amount so paid. Defendant in this case took steps to avail itself of this provision of the act by offering to pay plaintiff the sum of $250, the amount admitted or determined by its adjuster to be due under the policy. Plaintiff's own act of refusal to accept prevented defendant from making actual payment. The statute does not expressly provide for such a contingency, but we hardly think it the spirit and intent of the law to impose a penalty under such circumstances. Certainly no blame can attach to the company for not actually paying the amount when plaintiff flatly refused to accept it. It is a familiar rule of law that a legal tender is not necessary where the par-

418

ty to whom it is to be made plainly indicates his intention not to accept the thing tendered.

In the Hart Case, supra, the insurance company offered to give plaintiff, the assured, another automobile as payment for the one destroyed, and plaintiff refused. The automobile offered was valued by the adjuster at $750 which represented the amount of admitted liability. The court held that defendant's failure to tender (meaning legal tender) this sum to plaintiff rendered the defendant liable for the costs of court "but not liable to.the penalty of having to pay statutory damages and attorney's fees." The court further held that if plaintiff had expressed a willingness to accept the $750 and submit to an appraisement, his acceptance would not have waived his right to sue for any additional sum that might have been ascertained to be due him. With this right reserved to plaintiff to sue for the difference, his rights certainly could not have been prejudiced by accepting the amount offered him, and his refusal to do so was arbitrary and uncalled for.

The court in the Hart Case stated: "Hence it is plr in that the company is not liable to the statutory penalty for withholding the amount of its liability admitted by its agent or adjuster, as long as the insured refuses to submit to an appraisement; for the insurer has a right to an adjustment of its liability before being penalized for not paying it."

This is strong language by the Supreme Court in disapproval of the imposition of the statutory penalties, and is in keeping with the law on the subject. R. C. C. 2117, 2120; La. Dig. Penalties, § 1; Williams v. Hunter, 13 La. Ann. 476; Mass. Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863.

In the case of Martin v. Home Ins. Co., supra, this court held: "It would be inequitable to penalize an insurance company for not paying admitted liability when the insured persisted in˙claiming the full amount of the policy and declined to submit differences to an appraisement." Citing the Hart Case.

And it likewise would be inequitable to penalize an insurance company for withholding payment to its admitted liability so long as the˙insured refused to accept the company's offer to pay, and persists in claiming the full amount expressed in the face of the policy, even though he may agree to submit the difference to arbitration. The law gives the insurer the right to pay the amount admitted or determined by its adjuster or agent to be due under the term of the policy, and thus evade payment of penalties; but when the company is prevented from exercising that right by the refusal of the insured to accept, the company is exonerated from paying the penalties.

■ The fact that in this case plaintiff did not refuse to submit to an appraisement, whereas in the Hart and Martin Cases the insured did refuse, does not, we now conclude, materially affect the results. Under article 2120 of the Civil Code, a penal obligation is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its nonperformance. We think there is here presented an example of a lawful excuse. Plaintiff could have long since had the $250 had he only accepted it. He certainly can blame no one but himself for his not having it. He would not have had to incur attorney's fees.if he had only accepted the money when it was offered. It was his plain duty to avoid, if possible, mulcting˙ his adversary in damages. If he had offered to accept and defendant had refused, a different situation· would have been presented.

For these reasons our original decree is recalled and set aside, and it is now ordered and decreed that the judgment appealed from be amended by rejecting plaintiff's demands for the statutory penalties, and as thus amended the judgment appealed from is affirmed. Plaintiff to pay costs of appeal.

STEPHENS, J., dissents, and adheres to views expressed in original opinion.