201 So.2d 366 (1967)
L. D. GUILLORY, Plaintiff-Appellee,
v.
NEW YORK FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellant.
No. 2037.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1967.
Rehearing Denied July 27, 1967.
*368 Scofield, Cox & Bergstedt, by James J. Cox, Lake Charles, for defendant-appellant.
Baggett & Hawsey, by R. Scott, McClain, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGÉ, and HOOD, JJ.
TATE, Judge.
This is a suit under the medical payments clause of an automobile liability insurance policy. The plaintiff sues for $397.59 medical expenses incurred as a result of the accident. The defendant insurer appeals from adverse award.
The principal contention of the appeal is that the trial court should not have held the insurer liable for penalties, since it delayed payment in good faith, due to a bona fide dispute and the presence of suspicious drug overcharges by a pharmacist.
1. Penalties and Attorney's Fees.
After suit was filed, the insurer unconditionally tendered $288.14 indisputably due. It contends that its failure to pay sooner much of this amount (as well as an additional $52.61 for which cast by the trial court) was in good faith and based upon reasonable question as to its liability.
Despite an unusually persuasive argument by counsel for the defendant insurer, we do not find this argument to be well-founded. What it overlooks is that the claimant had filed a proof of loss some six months before suit and that, despite repeated requests, the insurer did not within sixty days pay or tender the amounts for which indisputably liable. The fact that tender was made after suit was filed does not, therefore, exculpate the insurer from penalties for nonpayment within sixty days of proof of loss and demand for payment.
LSA-R.S. 22:658 provides that insurers must pay claims under policies such as here involved within sixty days after proof of loss. Under the statute, the insurer is liable for 12% damages and reasonable attorney's fees, if the failure to pay within this period is arbitrary, capricious, or without probable cause.
In Steadman v. Pearl Assurance Co., 242 La. 84, 134 So.2d 834, on remand, La.App. 4 Cir., 167 So.2d 527, our Supreme Court held a claimant entitled to penalties even though the full amount of the $2,950 loss was tendered on the 61st day after proof of claim. The court pointed out that the statute mandatorily subjects an insurer to penalties for arbitrary failure to pay or tender within sixty days either the full claim or else that portion of it indisputably due. The decision also points out that, where there is a reasonable dispute as to a portion of the claim, the insurer may avoid penalties by paying or tendering the amount indisputably due and litigating as to the portion as to which there is a reasonable dispute.
However, if the insurer fails to pay or tender the part indisputably due, it is then liable under the statute for penalties for the full amount of the claim for which cast in a suit by the claimant. Steadman v. Pearl Assurance Co., cited above, at 134 So.2d 888; Fruge v. Pacific Employers Insurance Co., 226 La. 530, 76 So.2d 719; Sensat v. State Farm Fire and Cas. Co., La.App. 3 Cir., 176 So.2d 804, certiorari denied. Further, the partial tender required must be absolute and unconditional, *369 so that an offer to settle in full the entire claim for the amount indisputably due will not exculpate an insurer from penalties for arbitrary failure to pay when there is no reasonable dispute as to the insurer's liability. Sensat v. State Farm Fire and Cas. Co., cited above; Fruge v. Hub City Iron Works, La.App. 3 Cir., 131 So.2d 593, certiorari denied.
Applying these principles to the present facts, the trial court correctly held the insurer liable for penalties and attorney's fees under LSA-R.S. 22:658. These facts without contradiction show the following:
The plaintiff was involved in an accident in 1964. On August 17, 1965, he submitted a formal proof of claim requesting payment of $397.59 listed medical and drug expenses. On September 3, upon learning that the insurer was questioning some of the items, the attorney for the plaintiff requested the insurer to pay the uncontested items at once, leaving the disputed ones for further consideration. Despite this request, the company failed to do so. Finally, in the first week of February, 1966 (six months after the proof of claim) the company offered $267.78 in full settlement of the claim. Thereupon, on February 10 the plaintiff filed the present suit.
The facts show that never at any time did the defendant insurer dispute its liability for $112 hospitalization costs and $45. Pretermitting whether the insurer could in good faith have delayed or resisted payment for other medical expenses for which cast,[1] the insurer's failure to tender at least the first-mentioned amounts clearly subjects it to penalties and attorney's fees computed upon the entire amount of the claimant's recovery.[2]
2. Other Contentions of the Defendant.
The defendant insurer additionally contends that the trial court erred in awarding the plaintiff $52.61 beyond the sum tendered belatedly (after suit was filed) by the defendant insurer as indisputably due.
Under the medical payments clause, the insurer contractually agrees to pay all reasonable expenses for medical services of those accidentally injured while occupying the insured automobile (and certain other specified vehicles).[3] We think the items now questioned fall within the scope of this coverage:
(a) The claim of $17.61 for a vibrator and a heater is proven by the record to be a reasonably necessary medical service for treatment of the injuries. That the attending *370 physician could not recall whether he had specifically prescribed them, does not prevent them from being covered, where without words so limiting coverage the insurer agreed to pay all reasonable expenses incurred for necessary medical services. See Morris v. Firemen's Fund Ins. Co., 72 N.M. 395, 384 P.2d 465 (1963), which rejected similar contentions as to incidental expenses connected with medical treatment.
(b) The trial court allowed the plaintiff to recover $35 for a medical report made by the attending physician for transmission to the defendant insurer in connection with the plaintiff's claim under the insurer's medical payments coverage. The adjuster for the defendant admitted that the claim could not be paid in the absence of such a report and that, if the plaintiff had failed to secure same, the insurer itself would have had to do so. The expense in question is, we believe, a reasonable expense of medical service within the contemplation of the contractual coverage of the medical payments clause. Unless it were incurred, the contracted-for policy protection would not be effectual. The decisions holding the physician's report fee not to be a proper item of tort recovery are inapposite.
3. Answer to the Appeal.
By answer to the appeal the plaintiff-appellee prays that the penalty attorney's fees be increased from the $350 awarded. Under the showing of this record, the fees awarded are reasonable for the trial and appeal. No increase will therefore be granted.
Decree.
The trial court judgment is affirmed at the cost of the defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Subsequent to suit (six months after proof of loss), the defendant finally tendered unconditionally not only the amounts stated in the text but also $131.14 for drugs and medicines, a total of $288.14. The trial court held the insurer liable additionally for $52.61, being the $35 charge of the attending physician for completing a report required by the insurer for payment of medical expense claim, plus $17.61 for a vibrator and a heating pad. The trial court disallowed $56.84 as unauthorized overcharge of a pharmacist from whom the plaintiff had secured supplies. (Neither the plaintiff nor his counsel knew the pharmacist had been overcharging.)
[2] See Steadman v. Pearl Assurance Company and other decisions cited in the text. The trial court awarded 12% penalties only upon the $52.61 additional recovery allowed beyond the belated tender. Since the plaintiff's answer to the appeal did not pray for amendment to award 12% penalties also upon the $288.14 belatedly tendered, we cannot consider the prayer for relief in this regard advanced at the oral argument.
[3] The plaintiff was injured while operating his own automobile, which was insured by the defendant. The Coverage C Medical Payments insuring clause of the 1958 and 1963 Standard Family Policies pertinently provide that the company agrees: "To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: * * *."