210 So.2d 907 (1968)
Cecil C. RANZINO
v.
ALLSTATE INSURANCE COMPANY.
No. 7377.
Court of Appeal of Louisiana, First Circuit.
May 27, 1968.
*908 Robert W. Smith of Seale, Smith, Baine & Phelps, Baton Rouge, for appellant.
Frank P. Simoneaux of Breazeale, Sachse & Wilson, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This appeal, by defendant Allstate Insurance Company (Allstate), is from the judgment of the trial court in favor of appellant's insured, Cecil C. Ranzino, decreeing said insured entitled to damages, penalties and attorney's fees for appellant's asserted arbitrary failure to timely settle a claim for collision damages to plaintiff's automobile. The single issue presented by this appeal is whether the award of penalties and attorney's fees was proper. We find that the trial court incorrectly allowed penalties and attorney's fees and reverse its judgment in this respect.
The dispute herein stems from a difference of opinion regarding the extent of the damages to plaintiff's vehicle. Defendant contends the automobile, a 1965 Plymouth sedan, which had been driven only 5,018 miles, was repairable. Plaintiff considers the car a total loss.
Plaintiff prayed for judgment against his insurer in the sum of $3,429.84 (the alleged worth of the automobile), less salvage value, together with legal interest from date of judicial demand and 12% penalty on the amount claimed, together with attorney's fees.
The trial court held the damages repairable for the sum of $1,630.17 (the higher of two estimates submitted). On this basis, he awarded plaintiff judgment in the sum of $1,580.17 (the amount of the higher estimate less $50.00 deductible provided for in the policy). In addition, the trial court allotted a penalty of 12% of the award and attorney's fees in the sum of $850.00. Allstate complains only of the award of penalty *909 and attorney's fees. Plaintiff has neither appealed nor answered the appeal.
It is conceded the outcome of this litigation is controlled by the provisions of LSA-R.S. 22:658, which in essence provides that insurers shall be liable for a 12% penalty and attorney's fees for failure to pay a claim of its insured within 60 days of submission of proof and demand therefor whenever such failure is found to be arbitrary, capricious or without probable cause.
Plaintiff testified in substance that immediately following the accident in which his car was damaged, the automobile was towed to the shop of a local dealer in Baton Rouge, Louisiana. Shortly thereafter, plaintiff discussed the status of his claim with defendant's representative, Robertson, who had been assigned the task of appraising the damage to the vehicle. When informed that the damages approximated $1,600.00, plaintiff advised Robertson that plaintiff no longer wanted the damaged car but desired a new vehicle. Plaintiff testified further that he had his attorney notify defendant of plaintiff's willingness to negotiate a settlement whereby plaintiff and defendant would each contribute several hundred dollars in excess of the repair estimate and the aggregate sum thus obtained would be used to purchase a new automobile for plaintiff. In addition, plaintiff conceded Allstate's willingness to repair the vehicle based on its estimate of $1,630.17, but that plaintiff did not wish the car to be repaired because he thought it too extensively damaged. The inescapable conclusion to be drawn from plaintiff's testimony is that an offer of $1,630.17 by defendant in settlement of the claim would have been declined.
Plaintiff's attorney testified to making several telephone calls in which he discussed with Robertson the possibility that plaintiff and Allstate would each contribute an amount above the repair estimate in order that plaintiff might purchase a new automobile after salvaging the insured vehicle. Counsel also stated Robertson responded that Allstate could not pay any amount in excess of the estimated cost of repairs to the car. Counsel further testified that substantially the same response was obtained from Robertson's superior, a Mr. Rea.
Defendant's representative Robertson stated he is employed by Allstate as an adjuster. He considered that the vehicle could be repaired for the amount of his estimate. While he could not recall the details of his one or more telephone conversations with plaintiff's counsel, Robertson remembered having received a letter from the attorney advising that plaintiff desired a new automobile. Robertson did not recall plaintiff taking the position that plaintiff did not wish the car repaired while Robertson was in the process of making his appraisal.
Charles Rea, a supervisor for Allstate, testified that he was advised by Robertson of plaintiff's dissatisfaction with Robertsons's repair estimate. In an effort to satisfy plaintiff, Rea instructed Robertson to have the damages estimated by an independent appraiser. It developed that the calculation of the independent estimator was lower than Robertson's. Rea recalled conversations with plaintiff's attorney in which Rea took the position the damages were repairable and that Allstate would pay for the repairs on the basis of Robertson's appraisal even though it was the higher.
From the foregoing summary of the pertinent testimony, it is readily apparent that plaintiff was of the opinion his vehicle was a total loss, consequently he desired a new automobile. Conversely, Allstate took the position the vehicle could be repaired and restored to its former condition. It further appears that at all times Allstate was ready and willing to have the vehicle repaired but plaintiff would not give the required authorization.
LSA-R.S. 22:658 sanctions the imposition of the penalties therein provided *910 only in those cases where the refusal or failure of the insurer to pay within the prescribed time is arbitrary, capricious or without probable cause. Being penal in nature, the statute must be strictly construed. Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338. Whether a failure or refusal to pay constitutes a violation of the applicable statute is, of course, a question of fact to be determined in the light of the circumstances of each individual case.
In McMahon v. Manufacturers Casualty Insurance Co., 227 La. 777, 80 So.2d 405, it was held that refusal to pay a loss under circumstances virtually identical to those in the case at hand was not arbitrary, capricious or without probable cause. We quote approvingly from the decision as follows:
"The evidence as a whole convinces us that prior to the filing of this suit, during the period from the date of the accident to October 26, 1953, there were considerable negotiations between the plaintiff and defendant's agent. These negotiations involved an attempt on the part of both plaintiff and defendant to arrive at some measure of damages satisfactory to and acceptable by both. We do not find, nor do we infer therefrom, that these negotiations were conducted in bad faith. The many contacts had between the parties certainly manifested a desire for settlement on the part of the defendant rather than conduct which would constitute arbitrariness, capriciousness or want of probable cause condemned by the statute. These efforts were made in the hope of persuading rather than forcing what each party considered a fair and just settlement. At no time prior to the filing of suit did the defendant arbitrarily refuse or disclaim any monetary liability under the terms of the policy."
It is to be noted that the circumstances in the McMahon case, supra, were somewhat more favorable to the insured than in the case at bar considering the Court found in the cited case that the car was a total loss as contended by the owner and the damages were not repairable as argued by the insurer.
We are in accord with that line of authorities holding it is not arbitrary or unreasonable for an insurer to withhold payment when there appears reasonable, bona fide ground for claiming repairable loss as opposed to the contention of the insured that settlement should be made as for total loss. We so held in effect in Collins v. Employers' Liability Assurance Corp., La.App., 116 So.2d 851. We think the rule of the Collins case, supra, particularly applicable to the case at bar inasmuch as Allstate had secured two appraisals both of which indicated subject vehicle could be repaired and restored to its former condition for a sum far less than its replacement value.
In contending otherwise, plaintiff relies primarily upon Sensat v. State Farm Fire and Casualty Company, La.App., 176 So.2d 804, decided by our brothers of the Third Circuit. In the Sensat case, supra, the insured sustained a fire loss to his residence. The insured claimed total loss entitling him to the policy limits. The insurer, predicated on three separate appraisals, maintained the residence could be repaired. The court found the insurer's failure to pay the amount of estimated repairs was arbitrary and so holding awarded the owner penalties and attorney's fees. Plaintiff also cites and relies upon the Third Circuit case of Guillory v. New York Fire and Marine Insurance Co., La.App., 201 So.2d 366, which involved medical payments due under a clause in an automobile liability policy. In the Guillory case, supra, the insured submitted proof of medical expenses following an accident. Upon the insurer questioning the validity of some items, the attorney for the insured suggested payment of the uncontested items, which offer the insurer declined. Later the insurer offered a lump sum in full settlement of the claim. The court held the insurer's failure to pay or tender the amounts admittedly due was arbitrary and awarded penalties.
*911 We readily subscribe to the result reached in the Guillory case, supra, but believe the result achieved in the Sensat case, supra, is contrary to the intent of LSA-R.S. 22:658, which law is penal in nature and therefore must be strictly interpreted. We so hold on the ground that where a claim consists of independent components, failure of the insurer to pay those admittedly due must of necessity be held arbitrary, unreasonable and without probable cause. But in cases like the one at bar (and the Sensat case, supra, also) where the sole question is whether the loss is total or partial, the insurer who in good faith fails to settle for a total loss on the ground that the loss was only partial, may not be said to have acted arbitrarily, unreasonably or without probable cause. In just such a case our colleagues of the Second Circuit held the insurer's refusal to pay full policy limits of a fire policy covering a building, was not arbitrary and did not warrant imposition of the penalty provided by LSA-R.S. 22:658. See The Forge, Inc. v. Peerless Casualty Company, La.App., 131 So.2d 838. In so holding, the court observed in the cited authority as follows:
"Plaintiff was awarded penalties and attorney's fees against defendants by the judge below. However, there was a reasonable disagreement as to the factual issue of the amount of damage to the building and we do not believe that the actions of the insurers herein were of such an arbitrary and capricious nature to justify such an award and the same is denied.
We are of the view that where the insurer's failure to pay is motivated by a reasonable disagreement regarding the single issue of the amount of damages due, such failure to pay may not be characterized as arbitrary, unreasonable or without probable cause within the meaning of the terms as employed in LSA-R.S. 22:658. In so declaring, we are not unmindful of that line of workmen's compensation cases wherein penalties have been imposed upon the insurer's failure to pay or cessation of payment of benefits in cases wherein it was obvious that some compensation was due. See for example, Fruge v. Pacific Employers Insurance Company, 226 La. 530, 76 So.2d 719; Williams v. Travelers Insurance Company, La.App., 157 So.2d 356; Fruge v. Hub City Iron Works, Inc., La.App., 131 So.2d 593. It appears these authorities, along with others similar to Guillory v. New York Fire and Marine Insurance Co., supra, involve claims composed of multiple elements, some of which are not in dispute. In such cases failure to pay those elements admittedly due may be said to be arbitrary and unreasonable. Where, however, as in the case at hand and The Forge, Inc. v. Peerless Casualty Company, supra, the sole issue and only element of the claim is in reasonable dispute, failure of the insurer to pay may not be said to be without probable cause.
Nor do we find any merit in the claim that defendant's failure to pay was arbitrary and capricious because it failed to tender the amount it was willing to pay to effect the necessary repairs to plaintiff's vehicle. We agree with defendant's assertion that the only reason it did not tender the amount of its adjuster's estimate was plaintiff's contention the car was a total loss and plaintiff would have rejected any other offer of settlement. Under such circumstances any tender or offer of payment of the amount of estimated repairs would have been a vain and useless gesture. The record is clear it would have been rejected by plaintiff who considered his vehicle a total loss and was unwilling to negotiate a settlement on any other basis. A tender is unnecessary to prevent imposition of penalties when the party charged with failure to tender knows or has reasonable cause to know a tender will be declined. New v. Union Automobile Ins. Co., La.App., 141 So. 416.
While we note that in the case at hand the position taken by the insurer was *912 fully vindicated upon trial, we do not consider such eventuality the decisive factor in cases of this nature. The alleged arbitrariness or capriciousness of the insurer is not to be judged in retrospect. It is not determined upon the basis of which litigant prevails in the action which ensues upon failure of the insurer to pay within the statutory period. On the contrary, whether the insurer's conduct is without probable cause, and therefore within the ambit of the applicable statute, is a matter to be determined in the light of the pertinent facts and circumstances existent within the period stipulated.
Accordingly, the judgment of the trial court in favor of plaintiff Cecil C. Ranzino and against defendant Allstate Insurance Company is hereby amended and revised in that the award of penalties and attorney's fees is annulled, reversed and set aside. In all other respects the judgment is affirmed. All costs in the trial court to be paid by defendant, Allstate Insurance Company; all costs of appeal to be paid by plaintiff Cecil C. Ranzino.
Amended and affirmed.