301 So.2d 434 (1974)
Buelo CLARK, Plaintiff-Appellee,
v.
UNION NATIONAL FIRE INSURANCE COMPANY, Defendant-Appellant.
No. 12414.
Court of Appeal of Louisiana, Second Circuit.
October 1, 1974.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for defendant-appellant.
John M. Brown, Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
BOLIN, Judge.
Defendant company appeals from an adverse judgment awarding plaintiff $6500, representing the proceeds of two policies of fire insurance, plus 25% of that amount as penalties and $1500 attorney's fees. Plaintiff answers the appeal seeking an increase from $1500 to $3000 for attorney's fees. We affirm the judgment.
The primary issue presented by this appeal is whether the policies were in force on the date of the loss or had lapsed because *435 of plaintiff's failure to timely pay the premiums. It is apparently conceded that if the policies had not lapsed, as contended by appellant, the amount of the fire loss is correct. However, appellant asserts error in the award of penalties and attorney's fees.
Buelo Clark purchased two policies of fire insurance from Union National Fire Insurance Company on November 1, 1969, which policies afforded $4000 coverage on plaintiff's house and $2500 on the contents. The dwelling and its contents were destroyed by fire on August 6, 1972, and plaintiff made demand on defendant for payment, asserting the value of the dwelling and its contents was in excess of the amount of the policies.
Both policies, issuance of which appellant admitted, provided the premium was to be paid monthly. Each of the policies also provided:
"PAYMENT OF PREMIUM: Each premium is due and payable in advance at the Home Office of the Company, but may be accepted elsewhere by a duly authorized agent. All premiums paid shall be forfeited to the Company and this policy shall terminate by lapse and all liability hereunder shall cease when the required premiums are more than one month in arrears."
* * * * * *
"Grace Period: A grace of one month shall be granted for the payment of every premium after the first, during which time the policy shall continue in force. All premiums in arrears at the time of any loss hereunder shall be deducted from any payment of a claim hereunder."
It was established by the evidence that on or about June 26, 1972, Clark (or his wife) made the last monthly premium payment before the fire.
D. J. Harvey, the collector for Union National, testified he went to plaintiff's home on July 31, 1972, to collect a premium and was advised by Clark that he did not have the money. However, Clark testified he told Harvey he would go to a neighbor and borrow the money but was assured by Harvey it would be satisfactory for him to pay the premium the following Monday. As stated above, the house and contents were destroyed by fire on Sunday, August 6, 1972, and Mrs. Clark testified she paid the August premium on August 7, 1972, after telling Harvey about the destruction caused by the fire. She also testified he "looked in his book" and told her the policy was in effect on that date.
The crux of the controversy is whether the trial judge correctly determined that all payments were made in advance, as required by the policy, and therefore the payment made during the latter part of June was intended to and did constitute payment for the July premium, which resulted in the policy being in effect during July as well as the grace period during August.
Our examination of the exhibits, consisting of the policies and reconstructions of defendant's collections from September 30, 1971, through June 26, 1972, convinces us the trial judge correctly concluded the 22 payments made by plaintiff were all made in advance in accordance with the policy provisions. As the June payment made in the latter part of June was an advance payment of the July 1972 premium, the policy was in force for that month and for the grace period through August.
The trial judge found, and we agree, that the insurer had the burden of proving the policies had lapsed on August 6, 1972, and this it failed to do. Further, no reasonable excuse is shown from defendant's own records why it should not have honored plaintiff's claim. Louisiana Revised Statutes 22:658 subjects the insurer to a penalty of 25% of the total amount of the loss for failure to pay a claim for fire loss within 60 days after receipt of satisfactory proof of loss when such failure *436 is found to be arbitrary, capricious or without probable cause. The cited statute also provides, in the event penalties are found to be due, for payment by the insurer of all reasonable attorney's fees. We find the failure to pay the claim was without probable cause and penalties were properly imposed; further, that the award of $1500 is a reasonable attorney's fee.
The judgment is affirmed at appellant's cost.