BAILES, Judge Pro Tern.
Plaintiff filed this action against defendant seeking to recover $2581.54, legal interest, statutory penalties and attorney fees allegedly due under the provisions of the automobile insurance policy for collision damages to a 1973 Pontiac sedan. In its answer, the defendant admitted that plaintiff’s vehicle had been damaged in a colli *899 sion, that there was coverage therefor under the terms of the policy, that the damage, according to estimate obtained, amounted to the sum of $1360.82. The policy had a deductible provision of $50.00.
The trial court awarded judgment in favor of plaintiff in the amount of $1341.40 against defendant, and denied all claims for interest, penalties and attorney fees. The plaintiff was cast for all court costs. From this judgment the plaintiff has appealed. The defendant neither appealed nor answered the appeal.
Shortly after the plaintiff’s vehicle was damaged on July 24, 1973, repair estimates were made by Jake’s Body Shop in the amount of $1360.82, Creel Body Shop in the amount of $1190.83, and by Southeast Auto Appraisal Service in the amount of $1359.40. Another so-called estimate was made by the service manager of Letsch Pontiac-Buick, Inc., of Covington in the amount of $2631.54, however, the service manager wrote on the estimate the following: “This is not an estimate to repair. We can not repair this car at any price because we are not equipped to repair jobs of this extensive repair.”
The defendant advised plaintiff that it would pay the estimated repairs of $1359.-40, and additionally, it would pay for any hidden or concealed damages not included in the estimate, plus all shortage charges to September 5, 1973. This offer was rejected by letter of plaintiff’s attorney dated September 10, 1973, by making claim for the amount of $2581.54. On September 14, 1973, this demand was amended by another letter of plaintiff’s attorney to a claim for total loss of the vehicle, less the salvage value of $1800.
In early October, 1973, plaintiff sent defendant a proof of loss claiming the amount of $2581.54. The plaintiff refused to have the vehicle repaired. In early January, 1974, the vehicle was sold by him for the sum of $1500 and was subsequently repaired under the Creel estimate.
The Letsch estimate includes a new full frame. Plaintiff insists on this item. The claim for a full new frame for the vehicle is not justified. Mr. Jake Vicari, owner of Jake’s Body Shop and a man with 26 years of body repair experience testified convincingly that the only portions of the frame that were bent were the (front) horns. He stated this portion of the frame is so constructed that replacement segments are readily installed. Further, he testified that his estimate included these parts which are standard components supplied by General Motors as replacement parts. All parts included in his estimate were new factory parts. It was his opinion that the car, for all practical purposes after repair in his shop, would have been safe to drive and would have been acceptable to the owner.
The existence of the Creel estimate obtained by plaintiff shortly after the accident in an amount less than the Jake Body Shop estimate was not disclosed to defendant until shortly before trial.
Plaintiff relies on the case of Poltkin v. Martino, 192 So.2d 381 (La.App. 4th Cir. 1966), writ refused, as authority for insisting that the dealer from whom he purchased the vehicle repair it, or to use its estimate as a basis for settlement. The Plotkin case has no application here. Defendant insisted on the repair being performed by Jake’s Body Shop whose estimate included only new parts as distinguished from the Plotkin case wherein defendant contended the damaged vehicle should be repaired by the repairman whose estimate included the utilization of parts retrieved from a junked vehicle.
It appears that the Letsch “estimate” is not reasonable as compared with the estimate of Jake’s Body Shop, thus distinguishing the instant case from Mc-Craney v. Hammond Coca Cola Bottling Co., 19 La.App. 755, 141 So. 515 (1932), which plaintiff cites as authority for plaintiff’s insistence on having the repairs performed by the selling dealer.
*900 Further, plaintiff cites the decision of this Court in Magee v. Ranger Insurance Company, 276 So.2d 879 (La.App. 1st Cir. 1973), to support its position that the court should accept the “estimate” of Letsch as it was the only estimate given by a repairman prior to the sale of the automobile that represented the cost to restore the automobile to its pre-accident condition of safety and drivability. We find the premise on which this argument is based is not factually accurate. The trial court accepted the testimony of Mr. Jake Vicari of Jake’s Body Shop for the proposition that the car, if it had been repaired by his shop, would have been a safe vehicle as compared to its pre-accident condition.
In the Magee case, supra, this Court stated on page 884:
“[3] When the trial court is confronted with two varying estimates, it is within the Court’s discretion to accept either the higher or lower of the estimates and assess damages based upon all the facts and circumstances of the case. Jackson v. Fireman’s Fund Insurance Company, supra.”
We pass now to a consideration of plaintiff’s claim for statutory penalties and attorney’s fee. It is our conclusion that plaintiff was not justified in rejecting defendant’s offer to repair the car and in insisting on a loss payment of $2581.54, the amount claimed in the proof of loss submitted to defendant in October, 1973. The defendant insurer at no time disputed the estimate of Jake’s Body Shop of $1360.82. The appraisal of Southeast Auto Appraisal Service was obtained by the defendant. As stated above, it was for the sum of $1359.40. In view of these two practically identical estimates, there was no doubt in the defendant’s personnel in charge of this claim that at least this amount, less the deductible was due and owing to plaintiff, however, plaintiff insisted, even through trial, that defendant owed him $2581.54.
It is clear from the record herein that had defendant made a tender of the amount admittedly due plaintiff, the tender would have been rejected. The action and attitude of the plaintiff, as reflected from the above statement of facts, distinguishes the instant case from Guillory v. New York Fire and Marine Insurance Co., 201 So.2d 366, La.App., as well as Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884. Also see Ranzino v. Allstate Ins. Co., 210 So.2d 907 (La.App. 1968 1st Cir.). Plaintiff’s claim for penalties and attorney’s fees must be rejected.
We find no justification in the trial judge casting plaintiff with the court costs. The plaintiff was not justified in rejecting defendant’s offer to repair the vehicle, to pay any hidden damages not estimated and to pay the storage cost. Even so, the defendant at no time offered or tendered the plaintiff the amount admittedly owed. In its answer defendant admitted owing plaintiff the $1359.40 estimate of repairs (less the deductible) but did not see fit to make a tender of the amount due even at that time. The tender, even though it probably might have been rejected by plaintiff, would have justified casting plaintiff with the cost of court. We find it was an abuse of discretion by the trial judge in casting plaintiff for all court costs.
We find no proof of storage charges due by plaintiff for his vehicle. Our computation of the amount due plaintiff is an amount less than that awarded by the trial court, however, as the defendant has neither appealed nor answered the appeal, we must affirm the award of $1341.-40.
For the foregoing reasons, the judgment of the trial court is amended to award plaintiff the sum of $341.40, plus legal interest thereon from date of judicial demand until paid and for all costs incurred in the trial court and in this Court.
Affirmed in part, reversed in part, and rendered.