339 So.2d 395 (1976)
Eddie FOSTER
v.
WESTERN WORLD INSURANCE CO. et al.
No. 10845.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
John W. Anthony, of Talley, Anthony, Hughes & Knight, Bogalusa, for plaintiff.
Tom H. Matheny and Thomas B. Waterman, of Pittman & Matheny, Hammond, for defendants.
*396 Before LANDRY, BLANCHE and LOTTINGER, JJ.
LANDRY, Judge.
Plaintiff, Eddie Foster (Appellant) brought this action against defendants Western World Insurance Company, All Star Insurance Corporation and Stuart Alfred Douglas Haynes (Insurers), erroneously sued as Underwriters at Lloyds, London, for amounts allegedly due under three fire insurance policies issued by Insured on certain commercial property owned by Appellant in the City of Bogalusa, Louisiana. From judgment awarding recovery of full face value of subject policies, but denying Appellant's claim for penalties and attorney's fees, plaintiff has appealed. Insureds have neither appealed nor answered plaintiff's appeal. The sole issue before us is whether Appellant is entitled to statutory penalties and attorney's fees for Insured's alleged failure to timely pay Appellant's loss, and if so, the amount of penalties and attorney's fees due. We reverse and render judgment in favor of Appellant for both penalties and attorney's fees.
Appellant's claim for penalties and attorney's fees is predicated upon LA-R.S. 22:658, which provides:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees. Amended and reenacted Acts 1958, No. 125."
It is conceded that defendants each insured plaintiff's building and its contents, in amounts aggregating $25,000.00 on the building and $11,000.00 on the contents, against loss by fire, and that on October 13, 1973, a fire occurred in the building damaging the structure and its contents. On April 30, 1974, plaintiff submitted proof of loss to each defendant showing damage to the building in the aggregate of $29,059.00 and to the contents in the sum of $2,001.70, a total damages of $31,060.70. The proofs of loss were received by defendants on May 2, 1974. On June 5, 1974, John L. Garcia, adjuster representing Insureds, in response to a demand for payment from plaintiff's attorney, sent plaintiff's counsel three new proofs of loss showing a total loss of $13,689.70. Garcia's communication acknowledged that the "$2,001.70 contents loss you submitted was in line and was allowed as such." At the trial Garcia testified the new proofs of loss were submitted to plaintiff because the original proofs exceeded policy coverages on the building and were therefore unacceptable to insurers. He also noted that it was customary in such cases to pay building and contents losses at one and the same time.
The record discloses that the proofs submitted by Insureds to Appellant, were predicated upon an appraisal made by a realtor employed by Insureds. It further appears this appraisal was not made upon an estimate of the cost of repairing the fire damage but was made upon the Realtor's valuation of the structure as it existed before the fire. The record also reflects that the proofs submitted by plaintiff were predicated upon the estimate of an experienced *397 general contractor who determined the cost of restoring the building to its pre-fire condition.
Prior to July 3, 1974, Insureds forwarded three checks, totalling $13,689.70 in payment of the loss, which checks were received by plaintiff on July 3, 5, and 9, 1974, respectively. Appellant filed this suit on July 3, 1974, 62 days after submission of his proof of loss, which filing date was the same as that on which Appellant received the first of the three above mentioned checks.
In large measure the record consists of testimony as to the value of the building as determined by the experts engaged by the adverse parties. Defendants sought to show that plaintiff was entitled to recover for the building only the value of the structure as estimated by defendants' expert. Insurers also rely on this divergence of opinion as evidence of a bona fide dispute which precludes plaintiff's recovery of penalties and attorney's fees for failure of defendants to pay within the 60 day delay provided by LA-R.S. 22:658.
The trial court rejected Appellant's claim for penalties and attorney's fees on the ground that a bona fide dispute existed between the parties as to the amount of the loss. In so doing we find the trial court erred as a matter of law.
Our jurisprudence is well settled to the effect that where there is reasonable disagreement between the insured and insurer as to the amount of a loss, the insurer's refusal to pay is not arbitrary or capricious and failure to pay within the applicable statutory delay does not subject the insurer to liability for penalties and attorney's fees. The Forge, Inc. v. Peerless Casualty Company, La.App., 131 So.2d 838; McGuire v. State Farm Fire and Casualty Company, La.App., 175 So.2d 838; Ranzino v. Allstate Insurance Company, La.App., 210 So.2d 907.
It is equally well established law that, if part of a claim is not disputed, failure of the insurer to pay that portion of the claim within the statutory period subjects the insurer to liability for penalties on the entire claim. Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884; Guillory v. New York Fire and Marine Insurance Co., La.App., 201 So.2d 366. In rejecting Appellant's demands for penalties and attorney's fees, the trial court obviously erred in failing to apply the rule announced in the Steadman and Guillory cases, above.
Insureds maintain payment of the undisputed sum of $2,001.70 was in fact made as evidenced by hereinabove mentioned drafts sent Appellant, the first of which was received July 3, 1974. The answer to this contention is twofold. First, the drafts were all received more than 60 days after submission of proof of loss. Secondly, the drafts were all conditioned upon Appellant's acceptance in full settlement of his entire claim. Our jurisprudence holds that an insured's offer to pay an undisputed amount conditioned upon the insured's acceptance in full settlement does not constitute tender within the contemplation of LA-R.S. 22:658 because it is not absolute and unconditional. Witherwax v. Zurich Insurance Company, La.App., 315 So.2d 420, and cases cited therein.
Appellant contends he is entitled to penalties in the sum of 25 per cent of the awards received, because subject policies covered "other properties" within the meaning of that term as appears in the last sentence of LA-R.S. 22:658, above. In so arguing, appellant relies upon Creel v. Audubon Insurance Company, 128 So.2d 284 (La.App. 1st Cir.), and Clark v. Union National Fire Insurance Company, 301 So.2d 434 (La.App. 2d Cir.). In both of the cited authorities district court judgments awarding 25 per cent penalties on dwelling losses, were affirmed without discussion.
Contrary to the Creel and Clark cases, above, our brothers of the Third Circuit held that the last sentence of LA-R.S. 22:658, which imposes a 25 per cent penalty, applies only to motor propelled vehicles and like property, and that the 12 per cent penalty provision of Section 658, above, applies to dwelling losses. See Welch v. New *398 York Underwriters Insurance Co., La.App., 145 So.2d 376.
The last sentence of Section 658, above, is based on the content and title of Act 59 of the Extra Session of 1921. The penalty provision of that statute was held to apply only to "motor-propelled vehicles and the like". Stovall v. Sterling Fire Ins. Co., 163 La. 284, 111 So. 707 (1927). See also Davis v. National Fire Insurance Company, 169 La. 63, 124 So. 147. As noted in Welch, above, LA-R.S. 1:16 provides that the Revised Statutes of 1950 "shall be construed as continuation of and as substitutes for" prior laws. Applying this principle, the Welch case determined the Stovall and Davis cases, above, represented the proper interpretation of LA-R.S. 22:658, as regards penalties recoverable for failure to timely pay fire insurance losses to property other than automobiles, trucks, motor propelled vehicles and the like.
As noted in Welch, above, Creel, above, did not consider the amount of penalties due but was concerned merely with whether the failure to pay was arbitrary and whether the attorney's fees awarded were excessive. In this instance we face squarely the issue of the amount of penalties due. We find the reasoning in Welch, above, to be sound, and adopt it as our own. Accordingly we conclude penalties of 12 per cent are recoverable in the instant case. Insofar as Creel, above, may be construed to hold penalties of 25 per cent are due in cases of this nature, we overrule Creel.
The record reflects that Appellant's attorney spent 163¼ hours in preparation for trial. A. Clayton James, Jr., testifying as an expert on attorney's fees, stated he considered $50.00 per hour as reasonable compensation for an attorney's services under the circumstances. We also note in the record a contingent fee contract between Appellant and his attorney in which Appellant agreed to pay his attorney 33 1/3 per cent of the amount recovered in this lawsuit. We note that 12 per cent penalties added to plaintiff's award of $27,001.70 will total over $30,000.00.
Considering the time invested by counsel in preparation for trial, trial and appeal, we conclude a fee of $9,000.00 to be reasonable, payable one third by each defendant.
The judgment appealed is amended to assess a penalty of 12 per cent on the amount awarded against each defendant, and assessing each defendant with $3,000.00 attorney's fees, and as amended the judgment is affirmed. All costs are assessed against defendants, in solido.
Amended and affirmed.