JONES, Judge.
In consolidated cases,[1] Southwestern Electric Power Company and Hartford Insurance Company appeal a solidary judgment against them arising out of a fire loss to plaintiff’s house. Hartford also complains of being cast for penalties and attorney’s fees. Plaintiff answered the appeals, seeking an increase in the amounts awarded. We affirm.
On October 18, 1973, a house recently purchased by plaintiff was damaged by a fire caused by the negligence of employees of Southwestern. Southwestern was immediately notified of the fire and admitted liability. Plaintiff also immediately notified his fire insurer, Hartford. The house was unoccupied but was being advertised for rental when the fire occurred.
*1254 After the fire, Southwestern retained General Adjustment Bureau (G.A.B.) to make an estimate of the damage. James Prock, a local contractor, estimated the damage for G.A.B. at $16,374.10. Plaintiff was not furnished a copy of this estimate until December 21, 1973.
Plaintiff had no previous experience with fire loss or in the construction field, and was not satisfied that this amount would take care of all damage to his house, and particularly any hidden damage. He then obtained other estimates ranging from $18,-483 to $31,729. This further caused plaintiff to doubt that any contractor would give a firm bid which would include all hidden damage.
During this time, Southwestern maintained the position that it would pay no more than the Prock/G.A.B. bid and would require a complete release upon payment. Although Hartford was directly liable to plaintiff under the fire insurance policy on plaintiff’s house, Hartford would offer to pay no greater amount than Southwestern would offer in order to guarantee full recovery under its right of subrogation of all amounts paid to plaintiff.
Plaintiff then engaged Stephen Sipes, a local contractor, to repair the fire damage and substantially remodel the damaged house. Plaintiff instructed Sipes to carefully distinguish the work attributable to each undertaking and maintain accurate cost records on each phase of the work.
Almost one year after the fire, plaintiff brought this proceeding against Southwestern for the fire loss. Hartford sued plaintiff and Southwestern on the same day, asking for a judgment declaring Hartford’s obligation to plaintiff under the insurance policy be limited to $16,374.10 and declaring its right to full indemnity against Southwestern for any amount paid by it to plaintiff.
When the repairs were finally completed, plaintiff sent Hartford formal proof of loss reflecting the cost of repairs as $42,761.07. More than 60 days later, plaintiff filed a supplemental petition joining Hartford as a defendant and seeking penalties, attorney’s fees and the cost of repairs.
The lower court awarded plaintiff judgment for $35,075.44 against both defendants, in solido, for the fire loss and cast Hartford for $10,000 attorney’s fees and 12 percent statutory penalties.[2]
Southwestern contends the trial court award was excessive, that it was error to award $2,000 as lost rental income, and that plaintiff should be found to have failed in his duty to mitigate damages. Hartford urges that its plea of prescription should have been sustained and that it should not have been found to have been arbitrary and capricious and cast with penalties and attorney’s fees. Plaintiff seeks to increase the award for damages and attorney’s fees.
The lower court was presented with conflicting testimony as to the extent of damage and cost of repairs. Both contractors, Sipes and Prock, testified and were examined extensively. Their testimony differed as to the effects of the fire, smoke and water on the house, the extent of damage and amount of replacement and reconstruction required to restore it to its former condition. Two other contractors from whom plaintiff obtained repair estimates also testified.
Defendants argue plaintiff should have employed one of the other contractors who had offered to restore plaintiff’s house for substantially less cost than the amount finally charged by Sipes. However, the less expensive work proposals of the other contractors did not include substantial items of repair performed by Sipes. In written reasons for judgment, the lower court stated it was impressed by the testimony of plaintiff’s contractor, Sipes, and was satisfied the evidence established the extent of damage and cost of repairs at $33,075.44. The record supports this conclusion. Canter v. Koehring, 283 So.2d 716 (La.1973); Bice v. *1255 Southside Motors, Inc., 344 So.2d 78 (La. App. 2d Cir. 1977).
The trial court also held plaintiff was entitled to recover a reasonable rental of $400 per month for the five months period it would have taken to repair the house. Plaintiff is entitled to recover this loss of income directly caused by the fire, and the amount awarded is adequately supported by the evidence.
Southwestern insists the delay in commencing repair, and failure to immediately dry out the water-soaked house after the fire substantially increased the amount of damage to the structure. Southwestern asserts plaintiff’s failure to mitigate his damages should reduce the damages recoverable by him to that amount he would have suffered had he taken this action. The lower court found plaintiff took such precautions as could reasonably be expected to minimize the damage. Neither of the defendants, both more knowledgeable in this area than Cox, informed him of the actions they now demand he should have taken. With regard to the action a reasonable man should have known to take, the testimony of two firemen at trial indicates neither, although familiar with house fires, seemed to know of the special equipment or services defendants would have required plaintiff to use. Additionally, the evidence does not clearly show such action, if taken by plaintiff, would appreciably reduce the amount of repair work necessary. The decision of the lower court in this regard is correct. Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823 (1968).
Hartford complains its actions toward plaintiff were not arbitrary and capricious so as to justify holding it for penalties and attorney’s fees. Within weeks after the fire Hartford admitted the cost of repair was at least the amount of the Prock bid, $16,374.61. However, Hartford never offered this amount to plaintiff other than with a stipulation that it would require a full release of his claim. Even when Hartford filed the declaratory judgment proceeding admitting liability for $16,374.61, it did not deposit that sum with the court as tender.
Even after plaintiff submitted a formal proof of loss to Hartford in April, 1975, Hartford did not tender the amount for which it admitted liability nor make any payment within 60 days. The lower court properly assessed Hartford with penalties and attorney’s fees. LSA-R.S. 22:658; Sensat v. State Farm Fire & Casualty Company, 176 So.2d 804 (La.App. 3d Cir. 1965); Guillory v. New York Fire and Marine Insurance Company, 201 So.2d 366 (La.App. 3d Cir. 1967); Foster v. Western World Insurance Company, 339 So.2d 395 (La.App. 1st Cir. 1976).
The trial judge correctly overruled Hartford’s exception of prescription which was based on Cox’s failure to bring suit against Hartford for over a year after the loss, as required by LSA-R.S. 22:691.[3]
The filing of the declaratory judgment proceeding by Hartford fulfilled the requirement of the statute, i. e., to sustain an action on a fire insurance policy, proceedings must be “ . . . commenced within twelve months next after inception of the loss.” To require plaintiff bring another proceeding on the policy to prevent prescription from running on his claim, when Hartford had already filed a proceeding to have its liability set, would be to require plaintiff to perform a vain and useless act.
We also find an additional ground exists for rejecting Hartford’s plea of prescription. Hartford’s continuing and unequivocal assurances to plaintiff of its liability coupled with the implication it gave that it was only waiting for plaintiff and Southwestern to arrive at a mutually satisfactory damage figure additionally operates as a waiver of the prescription. Brocato v. *1256 Sun Underwriters Insurance Company of New York, 219 La. 495, 53 So.2d 246 (1951); P. O. P. Construction Company v. State Farm Fire and Casualty Company, 328 So.2d 105 (La.1976).
In his answer to the appeals, plaintiff asks that we increase the lower court’s award of attorney’s fees to compensate him for additional work performed on appeal. After examining the itemization of hours worked, prepared by plaintiff’s attorney, we are satisfied the amount awarded by the trial judge is sufficient to compensate the attorney for the time spent in preparation of his case against Hartford, both at trial and on appeal.
For the foregoing reasons the judgment of the trial court is affirmed. Southwestern Electric Power Company and Hartford Fire Insurance Company are to pay all costs.
Affirmed.

. This case was consolidated at trial and on appeal with Hartford Fire Insurance Company v. W. H. Cox, II, et al., 348 So.2d 1256 (La. App., 2d Cir. 1977) (#13,263).

. Although plaintiff obtained judgment against Hartford for $35,075.44, he was entitled to penalties only on $33,075.44 because the $2,000 awarded by the trial court for lost rent was not included in his formal proof of loss.

. “ * * * No su¡t or acyon on th¡s p0iiCy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”