353 So.2d 1058 (1977)
Walter D. BAUMAN et ux., Plaintiffs-Appellants,
v.
The HANOVER INS. CO., Defendant-Appellee.
No. 13389.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
*1059 James L. Fortson, Jr., Shreveport, for plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King, by Edwin L. Blewer, Jr., Shreveport, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
MARVIN, Judge.
The primary issue in this appeal is the amount of attorney's fees and penalties assessed against the defendant insurer under L.R.S. 22:658.
Under their homeowner's insurance policy, plaintiffs claimed the cost of repairing damages to their home and barn caused by a 1975 windstorm.
Except for the cost of repairing damages to the roof which it timely paid, the insurer resisted payment of the loss to the home on the grounds that it had been informed by two experts that the loss was caused not by the windstorm, but by the settling or sinking of the foundation of the brick fireplace and chimney of the home.
On the grounds that plaintiffs were using their barn for commercial purposes (a use which, under the policy, would have precluded coverage), the defendant resisted payment for the cost of repairing the barn. Shortly before trial, however, and about two years after the windstorm, defendant's counsel determined there had been no forbidden use and deposited into the Registry of the Court the cost of the repairs to the barn.
The lower court held that the loss to the home (fixed at $1,750) was caused by the windstorm, but that the insurer's failure to pay this loss was not arbitrary, capricious or without probable cause because there was a "justiciable issue" of causation. The lower court found the insurer to have been arbitrary in its failure to pay the cost of repairing the barn because there was no real controversy as to that loss. These findings of the trial court are supported by evidence and are not manifestly erroneous.[1]
Defendant was assessed $250 as "penalties and attorney's fees" by the lower court. Contending that the lower court erred in this respect, plaintiffs seek to increase the attorney's fees and assess the statutory penalty (12 percent) against the total award.
Under L.R.S. 22:658, where the "sole issue and only element of the claim is in reasonable dispute," penalties and attorney's fees may be denied the successful insured claimant when the failure of the insured to pay is found to be with "probable cause" within the meaning of the statute. In cases where the claim is composed of "multiple elements, some of which are not in dispute," the insurer's failure to timely pay those elements admittedly due is held to be "without probable cause" and does subject the insurer to penalties on the "total amount of the loss," together with attorney's fees, Ranzino v. Allstate Insurance Company, 210 So.2d 907, 911 (La.App. 1st Cir. 1968); Sensat v. State Farm Fire & Casualty Co., 176 So.2d 804 (La.App. 3rd Cir. 1965), unless there has been a timely partial payment or tender by the insurer to the insured of the element of the loss admittedly due. Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884 (1961). See also Foster v. Western World Ins. Co., 339 So.2d 395 (La.App. 1st Cir. 1976).
Under the circumstances shown, the tender for the element admittedly due almost two years after the loss and long after suit was filed was correctly found untimely. The penalty, therefore, should have been assessed on the total amount found due. Foster, Sensat, supra.
*1060 The question of arbitrariness in refusing or failing to pay relates to the entitlement of attorney's fees and not to the amount of attorney's fees to be assessed against the insurer. The amount of attorney's fees is based on the extent of recovery and the nature and duration of the attorney's services. Mitchell v. Connecticut Indemnity Co., 161 So.2d 460 (La.App. 1st Cir. 1963, writ refused (1963).
Here, we conclude that the lower court abused its much discretion in its blanket assessment of $250 as attorney's fees and penalties. Considering also that the attorney spent more than 13 hours on this case before the appeal, we shall amend the judgment to increase the award of attorney's fees.
It is therefore ordered that the judgment be amended to assess statutory penalties of 12 percent on the total principal award and to increase the award of attorney's fees to $750.
As amended, and at the insurer's cost, judgment is
AFFIRMED.
NOTES
[1] Our finding in this respect disposes of the insurer's contention, made in answer to the homeowner's appeal, that the lower court's finding as to the cause of the damage to the home was manifestly erroneous.