## WALDEN *VS.* LOUISIANA INSURANCE COMPANY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The underwriter has an undoubted right to be informed of every circumstance tending to create or increase the risk against which insurance is sought, and which, if disclosed, might induce the insurer to decline or demand a higher premium.

So, where the plaintiff was induced by the rumor of an attempt to set fire to an adjacent ropewalk, to insure his house against fire, and withheld this circumstance from the underwriters : *Held*, that he could not recover.

The facts of this case are so fully stated in the following opinion of the district judge, who tried it in the first instance, that it is given as the history of the case :

" This is an action on a policy of insurance against fire, on a house which was burnt during the time the policy attached. The defence is, that the plaintiff, the insured, concealed facts material to the risk, which he ought to have communicated to the insurers.

" The fact alleged to have been concealed was, that an attempt had been made to fire a ropewalk adjoining the house, and which could not be burnt up without also burning the house ; that the fact of the incendiary attempt was known to the plaintiff when he effected the insurance, and was not by him communicated to the defendants. The evidence sustains the facts necessary to this defence, viz : that it was the impression of Blakesley, the plaintiff's tenant in the house, that a fire which broke out in said ropewalk a short time before the policy was made, and a short time before the fire occurred in the same ropewalk, which consumed the ropewalk and the premises insured, was the result of design. It would appear Blakeley's fears died away, as he did not insure his furniture, though he prepared an inventory for that purpose.

" Although this witness, who was the agent to make the insurance, said he did not recollect whether he communicated to plaintiff the report that the first fire was the effect of design, there is a strong presumption that he did so ; and plaintiff's expressions to the two witnesses, Spedden and Robinson, confirm this belief.

" It appears that this report or impression, that the first fire was the effect of design, was a fact material to the risk, and ought to have been disclosed when the contract was entered into ; and therefore, according to the same rules, which require good faith, and a disclosure of all private facts material to the risk, known to the insured at the time of the insurance, the contract is not binding on the defendants for want of the disclosure of the fact above stated. *Phillips on Insurance,* 85, 96, 105. The very fact that plaintiff mentioned the circumstance, is proof that he gave credit to it in the first instance, and acted upon it."

EASTERN DIST.
*March*, 1838.

Judgment was given for the defendants, from which the plaintiff appealed.

WALDEN
*vs.*
LA. INS. CO.

*F. B. Conrad*, for the plaintiff.

*Strawbridge, contra.*

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment, which rejected his claim for the value of a house, insured by the defendants, and which was destroyed by fire.

The facts of the case are these: a ropewalk, which was so contiguous to the house, that the destruction of the former by fire, must necessarily have involved the latter in the like calamity; it was rumored, that an attempt had been made to set fire to the ropewalk, which induced the plaintiff to insure the house. The defendants resisted his claim, on the ground, that he had not communicated the circumstance, which had excited his alarm and determined him to insure.

The underwriter has an undoubted right to be informed of every circumstance, tending to create or increase the risk against which insurance is sought, and which, if disclosed, might reduce the insurer to decline, or demand a higher premium.

It appears to us, the District Court did not err. The underwriter has an undoubted right to be informed of every circumstance, which, creating or increasing the risk against which insurance is sought, may induce him to decline the insurance, or demand a higher premium. It appears, from the defendant's own confession, that the attempt which had been made, to set on fire a building, which could not have been consumed without materially endangering his house, created in him an alarm, which prompted him to guard against the danger.

So, where the plaintiff was induced, by the rumor of an attempt to set fire to an adjacent ropewalk, to insure his house against fire, and withheld this circumstance from the underwriters: *Held*, that he could not recover.

It is true, he evidently acted in good faith; for when he called on the defendants for indemnification, he candidly informed them of the circumstance which had alarmed him. His ignorance of his duty cannot protect him against his omission to give information of a material fact, which the defendants had a right to know, in order to establish the proper rate of insurance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.