(105 So. 231)

No. 25128.

## CALHOUN v. STAR INS. CO. OF AMERICA.

(April 27, 1925. Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Insurance** ☞282(11)—**Policy, insuring property of partnership, doing business under individual name, in firm name, held not void as not truly stating insured's interest.**

Where partnership was doing business under name of individual, and both partners were present when fire policy on partnership property was applied for, and informed agent that they were partners, and were advised by agent to take out policy in firm name, policy provisions requiring policy to truly state insured's interest and that insured be sole owner were not violated by taking out policy in firm name, notwithstanding partnership was not registered.

2. **Evidence** ☞418—**Evidence that insured in policy in individual name was partnership held properly admitted to establish insured's identity.**

In action on fire policy taken out in individual name, evidence that insured was partnership, doing business under name of individual, was properly admitted to identify insured, where policy was silent.

3. **Insurance** ☞598—**In action on fire policy, insured was entitled to interest on amount sued for from date of fire until paid.**

In action on fire policy, insured was entitled to interest at 5 per cent. per annum on amount sued for from date of fire until paid.

4. **Costs** ☞260(4)—**Insurer's appeal from judgment for insured, raising question never before directly passed on by Supreme Court, held not frivolous.**

Where question raised on appeal by fire insurer from judgment for insured had never been directly passed on by Supreme Court, appeal was not frivolous, and appellant would not be mulcted in damages for appealing.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Action by S. L. Calhoun against the Star Insurance Company of America. Judgment for plaintiff, and defendant suspensively appeals. Judgment affirmed as amended.

Dale, Young & Dale, of Vidalia, and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

Philip Hough and G. P. Bullis, both of Vidalia, for appellee.

BRUNOT, J. This is a suit upon a fire insurance policy, for statutory damages, and for attorneys' fees. From a judgment in favor of plaintiff for $4,000, with 12 per cent. thereon as damages, and $600 as attorneys' fees, defendant suspensively appealed.

Plaintiff has answered the appeal, and prays that the judgment be amended by awarding 5 per cent. per annum interest thereon from August 24, 1921, until paid, and 10 per cent. as damages for a frivolous appeal.

Neither the policy nor the total loss under it are disputed. The defense is that the plaintiff is a partnership, whereas defendant insured as an individual.

The plaintiff is a commercial partnership, composed of Sam L. Calhoun and J. Lee Calhoun. At the time of the issuance of the policy sued upon, and for several years prior thereto, it was doing business in the parish of Concordia in the name of S. L. Calhoun.

The defense rests upon three stipulations and conditions contained in the policy sued upon, viz.:

"This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated herein. * * * "

"This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, * * * if the interest of the insured be other than unconditional and sole ownership. * * * "

"No officer, agent or other representative of the company shall have power to waive any provision or condition of this policy, except such as by the terms of the policy may be the subject of agreement indorsed hereon or added hereto and as to such conditions and provisions, no officer, agent or representative shall have such power or be deemed or held to have waived any such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Defendant contends that the policy was breached because S. L. Calhoun was not the sole and unconditional owner of the property insured, and that the insured's interest in the property covered by the policy was not truly stated therein.

Defendant stresses the moral hazard involved in the issuance of policies of insurance as of prime importance, and in this connection cites Walden v. Louisiana Insurance Co., 12 La. 134, 32 Am. Dec. 116. The decision in that case rests upon an undisclosed and added risk within the knowledge of the insured at the time the insurance was applied for and written. The cited case does not apply to the facts of the case before us.

[1] Plaintiff, alone, offered testimony on the trial of this case. The testimony conclusively shows that both partners were present when the insurance involved in this suit was applied for; that both partners then and there disclosed to H. B. Conner, defendant's agent, that S. L. Calhoun was a copartnership, composed of Sam L. Calhoun and J. Lee Calhoun; that they were equal partners in the business, and they asked defendant's agent and solicitor whether the insurance should be written in the name of the firm or otherwise; that the said agent advised that the insurance be written in the name of the firm, to wit, "S. L. Calhoun," and the policy of insurance was issued accordingly.

Defendant does not allege fraud, misrepresentation, or concealment, but insists that the interest of the insured in the property is not truly stated therein; that the contract of insurance is the law between the parties; and, by the acceptance of the policy, the insured is estopped to deny his assent to the conditions written or printed on the face thereof. One of these conditions or provisions limits the authority of the agent.

We do not consider it necessary to review the decisions cited by counsel which consider and apply the principles relied upon by defendant, because, in this case, there is nothing in the testimony or in the policy of insurance sued upon to indicate that the interest of the insured in the property covered by the policy is not truly stated therein. De-

fendant's view seems to be that a partnership which is doing business in the name of an individual must not only insure in the firm's name, but must also definitely fix the firm's status as a copartnership in the policy of insurance. We know of no law requiring it to do so, and counsel has cited none. It is true the plaintiff did not register as the law requires, but the failure to register the partnership does not affect the plaintiff's right to recover. Counsel seem to recognize this fact because they did not mention this omission in the argument and there is no reference to it in the brief.

[2] Defendant pleads that plaintiff is estopped from proving that the insured "S. L. Calhoun" is a partnership. The petition alleges that the plaintiff is a partnership, and proof was admitted, over the objection of defendant, to establish that fact. We think the ruling of the court was correct. It may be that several persons of the same name may reside in a particular locality and one or more may have insured their property and suffered a loss. Under these circumstances it is not only permissible but essential that the identity of the particular individual who suffers the loss be established, and, where the policy itself is silent, this identity can only be established by oral testimony. Testimony of this character does not affect, in any respect whatever, the provisions and recitals in the policy of insurance.

[3, 4] The prayer of the petition is for 5 per cent. per annum interest on the sum sued for from August 24, 1921, until paid. The plaintiff is entitled to the interest prayed for, but the judgment of the district court does not allow it. The judgment should therefore be amended to include interest at the rate of 5 per cent. per annum on $5,080 from August 24, 1921, until paid, and, as thus amended, it is affirmed at appellant's cost. We are of the opinion that the appeal in this case cannot be held to be frivolous, because the question here decided has not heretofore been directly passed upon by this court, and we decline to mulct appellant in damages for appealing this case.