366 So.2d 194 (1978)
Freddie B. NEGEM, Plaintiff-Appellee,
v.
The PAUL REVERE LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 13687.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1978.
*195 Hudson, Potts & Bernstein by W. Craig Henry, Monroe, for defendant-appellant.
Baker, Culpepper & Brunson by J. Michael McDonald, Farmerville, for plaintiff-appellee.
Before BOLIN, MARVIN and JONES, JJ.
BOLIN, Judge.
In 1974 plaintiff obtained judgment against Paul Revere Life Insurance Company for monthly benefits under a health and accident policy issued by defendant to plaintiff. The present suit was filed for past due benefits under the 1974 judgment, penalties, attorney fees and interest on the entire amount. For oral reasons made part of the record, judgment was rendered in plaintiff's favor substantially as prayed for. Defendant appeals questioning the award of penalties and attorney fees and also the award of interest on the penalties and attorney fees. We affirm.
The 1974 judgment provided that Paul Revere would pay to plaintiff the sum of $200 per month beginning February 27, 1974 and "continuing thereafter for as long as the plaintiff continues to be disabled from the injuries which formed the basis of his disability as alleged in this suit." Defendant paid under this judgment until March of 1976, when payments were terminated because plaintiff failed to submit a medical progress report to defendant evidencing his continued disability.
Plaintiff brought this suit seeking unpaid monthly benefits, penalties in a like amount, and attorney fees under La.R.S. *196 22:657.[1] In answer to the suit defendant relied upon an alleged agreement between it and plaintiff's attorney under which progress reports were to be submitted to defendant every six months. Because no progress report had been received since August 20, 1975, benefits were discontinued.
The record reflects the defendant requested progress reports initially on a monthly basis and later at six-month intervals. The forms were sent to the office of plaintiff's attorney. Some reports were supplied intermittently by the plaintiff at his expense. At trial plaintiff's attorney denied making an agreement with defendant that the reports would be submitted as a prerequisite for the monthly payments.
The trial court did not directly address the question of whether an agreement existed between plaintiff's attorney and Paul Revere concerning the submission of progress reports. However, the trial court reasoned that defendant acted arbitrarily and unreasonably in requiring plaintiff to continually submit progress reports, at his own expense, after it had been judicially determined that he was totally disabled. The court observed that if Paul Revere had doubts about plaintiff's condition it was incumbent upon it to arrange for plaintiff to be examined by a physician at its expense. Accordingly, the court rendered judgment in favor of plaintiff for $4,800 for past due benefits, $4,800 for statutory penalties, and $1,000 attorney fees, together with legal interest on the entire amount from date of judicial demand.
On appeal, defendant first contends it did not act unreasonably or arbitrarily in discontinuing the benefits because it was relying upon an agreement with plaintiff's attorney that progress reports would be submitted. Although there was evidence one of Paul Revere's agents believed his company had an agreement with plaintiff's attorney, defendant failed to prove any agreement existed or that it even had reasonable ground to believe it existed. The insurance policy contained no provision relative to the duty of the insured to furnish proof of disability following a final judgment decreeing the insurance company's liability to the insured. Once adequate proof of a claim is submitted, it is not the claimant's responsibility to submit, at his expense, additional proof. Matthews v. Coastal States Life Ins. Co., 291 So.2d 475 (La.App. 3rd Cir. 1974); Smith v. Mutual Life Ins. Co. of New York, 165 So. 498 (La.App. 2d Cir. 1936). The company's requirement that plaintiff continually submit, at his expense, proof of his disability was unreasonable.
Defendant next argues that the trial court erred in awarding legal interest on the penalties and attorney fees because La.R.S. 22:657 does not expressly provide for this. Defendant contends this statute is penal in nature and should be strictly construed. Although we are unable to find any jurisprudence dealing with the issue of whether legal interest may be awarded on penalties and attorney fees imposed under La.R.S. 22:657[2], our research reveals that *197 interest has been awarded on the 12% penalty provision and attorney fees imposed under La.R.S. 22:658, which deals with payment of claims under policies other than life, health and accident. Baghramain v. MFA Mutual Ins. Co., 315 So.2d 849 (La.App. 3d Cir. 1975) (writ denied 320 So.2d 207, 209 (La.1975)); Doty v. Central Mutual Ins. Co., 186 So.2d 328 (La.App. 3d Cir. 1966) (writ denied 249 La. 486, 187 So.2d 451 (1966)); Roberts v. Houston Fire & Casualty Co., 168 So.2d 457 (La.App. 3d Cir. 1964). This statute, like R.S. 22:657, does not expressly provide for legal interest. Analogizing from this jurisprudence, we find the insurer should be required to pay legal interest upon the penalties and attorney fees provided for in La.R.S. 22:657.
The judgment is affirmed at appellant's cost.
NOTES
[1] La.R.S. 22:657 provides in pertinent part:

A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.
[2] In Humphries v. Puritan Life Ins. Co., 311 So.2d 534 (La.App. 3d Cir. 1975), the appellate court held the trial court did not err in refusing to allow legal interest on penalties and attorney fees awarded under La.R.S. 22:657 because plaintiff failed to specifically pray for interest on these items.