CHIASSON, Judge.
The Louisiana Coastal Underwriters of Audubon Insurance Company, defendant-appellant, had issued a policy to plaintiff-appellee, G. U. Rybiski & Co., Ltd., providing coverage for fire, windstorm and contents loss on a camp at Grand Isle, Louisiana. On or about February 9, 1976, the building and its contents were completely destroyed by fire. There is no dispute between these litigants that the structure and its contents were a total loss within the meaning of the policy.
A proof of loss was submitted on or about May 19, 1976. By letter dated October 8, 1976, the defendant-appellant forwarded a draft payable to the plaintiff-appellee in the amount of $1*7,629.90, noting that the release language was obliterated. On October 26, 1976, the plaintiff-appellee filed suit against defendant-appellant on the policy, praying for $39,376.60, and for penalty, interest and attorney’s fees as provided in La.R.S. 22:658.
The trial court gave judgment for the plaintiff-appellee and this appeal has been taken by defendant-appellant.
For convenience, we have designated the following sequence for appellant’s specifications of error:
1. The trial court erred in its finding as to the insurable interest of the insured, G. U. Rybiski & Co., Ltd.
*1099 2. The trial court erred in its application of the provisions, terms and conditions of the contract of insurance as between the parties.
3. The trial court erred in its finding that the insured, G. U. Rybiski & Co., Ltd., and its agent, J. Folse Roy, did not commit fraud or misrepresentation, such as to impair its recovery under the insurance contract.
4. The trial court erred in granting to the plaintiff penalty, interest and attorney’s fees.
5. The trial court erred in the mathematical determination of the amount of judgment.
As to specification of error number one, the major issue in this appeal is the question of the insurable interest of G. U. Rybiski & Co., Ltd., in and to the property in question. The resolution of this issue will assist in answering appellant’s other specifications of error.
The appellant argues that, during the course of their investigation of appellee’s contents loss, they discovered a letter which led them to believe that G. U. Rybiski & Co., Ltd. was not the sole owner of the property in question. The document appellant relies on is reproduced in full, as follows:
“December 17, 1974
“Mr. J. Folse Roy
3320 N. Causeway Blvd.
Metairie, Louisiana 70002
“Dear Folse:
“On February 1,1968, G.U. Rybiski & Co., Ltd. took title to five lots in Grand Isle on which there is a four-plex. The lots being Lots 4, 5, 6, 7 and 8 in Block 3, Grand Beach Subdivision. Said property forms the corner of Oleander Street (Highway # 1) and Lafitte St. We paid $30,000 for this property; $15,000 cash and a mortgage note of $15,000 payable over 10 years at the rate of $166.60 per month, said payment includes principal and interest at the rate of 6% per annum, payable on the unpaid balance.
“G.U. Bybiski & Co., Ltd. paid $15,000 cash which constitutes payment in full
for their one-half interest and you are to pay the mortgage note of $15,000 together with all of the interest which will constitute your payment of one-half of the total cost of this property.
“The purpose of this letter is to acknowledge that although the title is in G.U. Rybiski, Ltd’s name, you are one-half owner of this property and you do owe the complete and entire $15,000 mortgage note dated February 1, 1968 together with any and all interest or cost in connection with this mortgage note.
“In the event of any sale, you would receive one-half of the monies emanating from the sale, less of course, any money still due on the mortgage.
“Hoping this letter is satisfactory, I remain,
“Yours truly,
“G.U. Rybiski Co., Ltd.
“By /S/ Mildred S. Daigle
“Mildred S. Daigle, President”
The appellant characterizes this document as a counter letter between G. U. Rybiski & Co., Ltd. and J. Folse Roy. We find this characterization to be incorrect. There was no evidence that there was a resolution passed by the board of directors of G. U. Rybiski & Co., Ltd. authorizing such an instrument nor was there evidence provided proving that this document was in accordance with the corporation’s authorization or ratification.
The evidence does reveal that G. U. Rybi-ski & Co., Ltd. acquired the property in question by authentic act in February, 1968; that G. U. Rybiski & Co., Ltd. purchased insurance on the property from the appellant; that the insurance had been in effect for about five years prior to the fire; that the policy was in effect at the time of the fire; and that the appellee is the only record title holder of the property.
The record also reveals that Julius W. Daigle was the chief executive officer or manager of G. U. Rybiski & Co., Ltd. at the time the property was purchased. Julius W. Daigle, Jr. now occupies that position and in his testimony he stated that his *1100 father had a verbal agreement with Mr. J. Folse Roy relating to the subject property; that after the senior Daigle died, the letter was written in December of 1974 to J. Folse Roy recognizing an obligation by the senior Daigle to J. Folse Roy; and that this letter was written to confirm a moral obligation honoring his father’s verbal agreement.
From the evidence presented we find that the letter/document is some type of personal obligation between Margaret Daigle (the widow of the senior Julius W. Daigle) and J. Folse Roy, and that whatever this obligation may be it is a matter between the parties to the letter and does not legally obligate the G. U. Rybiski & Co., Ltd. The letter does not affect the insurable interest of the G. U. Rybiski & Co., Ltd. in the property which is the subject of this suit.
For these reasons, we find that G. U. Rybiski & Co., Ltd. was the full owner of the premises and its insurable interest in the property is for the whole.
As to specification of error number two, the appellant contends that the letter discussed hereinbefore is an assignment of the insurance policy in contravention of specific contractual provisions. Since we have found that the letter is a personal obligation between Margaret Daigle and J. Folse Roy, it cannot affect the contractual obligations of G. U. Rybiski & Co., Ltd. Therefore, there was no assignment of the insurance policy by the named insured, since the named insured was not a party to the letter which the appellant relies on for this argument.
Appellant’s other argument relating to the proof of loss of the contents is better left to our discussion of the next specification of error.
As to specification of error number three, the appellant argues that the submission of proof of loss of the contents was done in such a manner that it constituted a fraud and misrepresentation sufficient to preclude further payment by the insurer on the policy. The appellant relies on two contractual provisions which are as follows:
“This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.”
“Loss, if any, under the household and personal property item shall be adjusted with the insured specifically named and shall be payable to him unless other payee is specifically named hereunder.”
The evidence reveals that there was no fraud or misrepresentation on the part of the named insured in its submission of proof of loss of the contents. The record demonstrates that the insured was attempting to recover all that it was entitled to under the provisions of the policy. When questioned by the insurer as to the exact amount of the loss of contents, the insured reduced its claim, and it was eventually stipulated by both parties that the loss of contents for the named insured was $358.00.
We do not believe because an insured submits a claim which is questioned by the insurer and which is later reduced in amount by the insured, that this action constitutes a fraud or misrepresentation on the part of the insured per se. We find that the named insured, G. U. Rybiski & Co., Ltd., did not attempt a fraud or misrepresentation on the insurer such as to either void the policy or preclude further payment.
As to specification of error number four, plaintiff-appellee sought recovery of penalty, interest and attorney’s fees as provided in La.R.S. 22:658, because appellant had unjustifiably failed to pay within sixty (60) days after the proof of loss was submitted.
La.R.S. 22:658 provides:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such *1101 payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney’s fees.” (Emphasis supplied)
The proof of loss was undated but the testimony reveals it was sent to the insurer by its agent with a report dated May 19, 1976. Estimating a week’s time for this report and proof of loss to be received by the insurer, making the date of receipt May 26, 1976, the insurer had until July 25, 1976 (60 days from the receipt of proof of loss) to honor the proof of loss. A draft was sent to appellant’s attorneys with accompanying letter dated October 8, 1976 for approximately one-half of the claim.
The trial court found that the appellee had not paid the claim timely and was either arbitrary, capricious, or without probable cause to refuse to pay, since he awarded appellee penalty, interest and attorney’s fees. No written reasons for judgment were given by the trial court.
The appellant defends its refusal to pay on the basis of La.R.S. 22:695(E) which provides:
“Liability of the insurer, in the event of total or partial loss, shall not exceed the insurable interest of the insured in the property and nothing herein shall be construed as precluding the insurer from questioning or contesting the insurable interest of the insured." (Emphasis supplied)
We recognize an insurer’s right to question the insured’s insurable interest; however, this statute does not relieve the insurer of his responsibility under La.R.S. 22:658. In reviewing the facts of this case, we find that the trial court was correct in assessing penalty, interest and attorney’s fees as provided by La.R.S. 22:658. The insurer solely relied on its interpretation as to the legal effect of the letter discussed above, and the submission of proof of loss of the contents as its basis for refusing to pay. We believe their reliance was misplaced. The appellant’s main argument was that the mere existence of the letter was sufficient proof that the appellee did not possess an insurable interest in the entire property. We find that the appellant had a sufficient amount of time in which to question and investigate further the insurable interest and that after the sixtieth day had elapsed, it had no proof to substantiate its claim that the insured was without the requisite insurable interest. Thus, appellants were arbitrary, capricious or without probable cause to fail to pay the claim within the time provided by La.R.S. 22:658. Gibsland Supply Co. v. American Employers Ins. Co., 242 So.2d 310 (La.App. 2nd Cir. 1970), writ refused 257 La. 987, 244 So.2d 858 (1971).
As to specification of error number five, on August 1, 1978, the judgment was amended by the trial court and reads as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, Louisiana Coastal Underwriters of Audubon Insurance Company, pay unto Plaintiff, G. U. Rybiski & Co., Ltd., the sum of $39,376.60, plus 25% of said amount as penalty, and a fee for its attorney in the amount of $4,000.00, plus interest on the aggregate of said sums at the legal rate of seven (7%) per cent per annum, and all costs of court. That the above be subject to a credit of $17,629.90 previously paid by the Defendant.”
*1102 Both appellant and appellee have agreed on appeal that their joint stipulation prior to trial should control the amount of judgment awarded. They stipulated the claim was for $35,000.00 for the building and $358.00 for the contents, or a total of $35,-358.00, and this amount is subject to a credit of $17,629.90 previously paid by the defendant.
The trial court’s judgment is amended to conform to the stipulation. Therefore, we award the sum of $35,358.00 to the plaintiff-appellee. Penalty is awarded in the amount of 12%[1] of the total award (12% of $35,358.00). Attorney’s fees are awarded in the amount of $4,000.00. The above amount is subject to a credit of $17,629.90, together with interest thereon at the legal rate of 7% per annum from date of judicial demand until paid.
For these reasons the judgment of the trial court is amended and affirmed at appellant’s cost.
AMENDED AND AFFIRMED.

. We find that our jurisprudence has applied the 25% penalty specified in La.R.S. 22:658 only on policies insuring motor vehicles and the like against losses due to fire and theft, and therefore a 25% penalty is not applicable in the instant case. Foster v. Western World Ins. Co., 339 So.2d 395 (La.App. 1st Cir. 1976).