DOMENGEAUX, Judge.
Plaintiffs, Gene Dauzat and his wife, filed suit seeking the recovery of penalties and attorney’s fees, as provided for under La. R.S. 22:658, for the alleged arbitrary and capricious failure of defendant, Amco Underwriters of Audubon Insurance Company, to timely pay the amount due plaintiffs under a fire insurance policy on the family home. Following trial, judgment was rendered in favor of plaintiffs assessing penalties of 25% on the total amount of the $16,000.00 claim, plus attorney’s fees in the amount of $750.00. Defendant perfected this appeal contending that the trial judge erred in awarding penalties and attorney’s fees under R.S. 22:658. Plaintiffs answered the appeal seeking an increase in the attorney’s fees awarded in the trial court to the sum of 33V3% of all amounts owed, as prayed for in the original petition.
The facts show that on March 2, 1979, plaintiffs’ home was totally destroyed by fire. At the time of the fire, plaintiffs’ home was covered by a policy of fire insurance issued by defendant providing coverage of $8,000.00 on the dwelling and $8,000.00 ■ on the contents. On March 5, 1979, the first business day after the fire, plaintiffs contacted their insurance agent and informed him that they wished to make a claim under their fire insurance policy for the loss of their home and contents. The investigation of plaintiffs’ claim was handled on behalf of defendant by the adjusting firm of Crawford and Company. On March 6, 1979, Craig McNeal, an adjuster employed by Crawford and Company, visited the scene of the fire to determine the amount of the loss. Mr. McNeal took several pictures. The photographs show that the residence and its contents were totally de *965 stroyed. After inspecting the site, Mr. McNeal furnished plaintiffs with forms to list the contents destroyed by the fire. On March 10, 1979, defendant received the list of contents prepared by plaintiffs. The value of the contents, after depreciation, totaled $5,841.92. The record reveals that on March 22, 1979, Mr. McNeal adjusted the value of the residence, prior to the fire, to be $10,943.87. On April 4, 1979, defendant received an amended list of contents which increased the total loss of contents to a sum in excess of the $8,000.00 insurance coverage. On April 10,1979, plaintiffs submitted a notarized proof of loss claim. However, because the form was incomplete, it was returned to plaintiffs. The completed form was returned on April 30, 1979. Plaintiffs’ attorney contacted Mr. McNeal on April 30, 1979, requesting that the insurance claim be settled. On May 8, 1979, plaintiffs’ attorney notified Mr. McNeal that suit would be instituted if plaintiffs’ claim was not paid within 10 days. On May 21, 1979, suit was filed. On May 31, 1979, defendant sent plaintiff a check for $16,000.00 the total amount of coverage under the policy.
The issues are:
1. Is defendant liable for penalties and attorney’s fees under La. R.S. 22:658? If so, on what amount are penalties to be assessed?
2. If defendant is liable, what percentage of penalties is due?
3. Attorney’s fees.
I.
LA. R.S. 22:658 provides:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney’s fees.”
In this case, defendant sent plaintiffs a check for $16,000.00, the full amount of insurance coverage, on May 31,1979. As of March 22,1979, defendant had received satisfactory proof that plaintiffs had sustained coverable losses totalling $13,841.32-$5,-841.32 in damages to contents and $8,000.00 in damages to the dwelling. Defendant failed to pay plaintiffs’ claim for this amount within 60 days of receipt of satisfactory proof of loss. However, defendant did not receive satisfactory proof of loss as to the additional $2,158.68 claimed for destroyed contents until April 4, 1979. Plaintiffs recovered full payment for the additional contents within 60 days of their submission of satisfactory proof. For these reasons we conclude that defendant’s payment to plaintiffs on May 30, 1979, was untimely, but only as to the sum of $13,-841.32.
Defendant contends that it did not act arbitrarily, capriciously, or without probable cause in delaying payment of plaintiffs’ claim because the fire was of suspicious origin and under investigation by the State Fire Marshal.
In Baghramain v. MFV Mutual Insurance Company, 315 So.2d 849 (La.App.3rd Cir. 1975), this court stated:
*966 “To sustain the defense of arson, the insurer has the burden of proving by a preponderance of evidence that 1) the fire was of incendiary origin, and 2) plaintiff was responsible for it. Proof may be, and invariably is, by circumstantial evidence. When proof is circumstantial, the evidence must be so convincing that it will sustain no other reasonable hypothesis but that plaintiff was responsible for the fire.”
In the case at bar, the record reveals that the Fire Marshal conducted an investigation into the fire which destroyed plaintiffs’ residence. The Fire Marshal testified that he had received information, pri- or to the fire, that plaintiffs’ house was going to be destroyed. The Fire Marshal informed Mr. McNeal, the insurance adjuster, of this information during the adjuster’s investigation of the fire. However, at no time, prior to the expiration of the 60 day delay, did the insurer have sufficient information to conclude that the fire was of incendiary origin and absolutely no evidence to indicate that plaintiff was responsible for the fire. Defendant contends that it was not arbitrary in delaying payment because payment was made within 24 days of receipt of the Fire Marshal’s April 20, 1979, report indicating that the cause of the fire was unknown. However, in Artigue v. Louisiana Farm Bureau Mutual Insurance Company, 339 So.2d 880 (La.App.3rd Cir. 1976), this court stated that “. there is no law authorizing an insurer to deny a claim on the basis that the Fire Marshal has not closed his file.” Therefore, the insurer cannot defend the untimely payment on the basis that it was waiting for the final report of the Fire Marshal.
The trial court was correct in finding defendant’s untimely payment of this insurance claim to be without probable cause.
II.
Applying the penalty provision of La. R.S. 22:658, the able trial judge utilized the 25% figure. In so doing, we conclude that he erred. Our jurisprudence is consistent to the effect that 25% penalties against insurers are applicable only to fire and theft insurance on motor propelled vehicles and the like and not to fire insurance on buildings. The proper penalty where buildings are insured is 12% under the statute. G.U. Rybiski & Company v. Louisiana Coastal Underwriters of Audubon Insurance Company, 369 So.2d 1097 (La.App.1st Cir. 1979); Foster v. Western World Insurance Company, 339 So.2d 395 (La.App.1st Cir. 1976); Gagnard v. The Travelers Insurance Company, 380 So.2d 191 (La.App.3rd Cir. 1980); Witherwax v. Zurich Insurance Company, 315 So.2d 420 (La.App.3rd Cir. 1975); Welch v. New York Underwriters Insurance Company, 145 So.2d 376 (La. App.3rd Cir. 1962); Baghramain v. MFA Mutual Insurance Company, supra.
Accordingly, it will be necessary to amend the District Court judgment so as to assess 12% penalties on the amount of $13,-841.32.
III.
Plaintiffs were awarded the sum of $750.00 for attorney’s fees. They answered the appeal seeking an increase to the sum of 33Vs% of the amount owed, as prayed for in his original petition. In this regard, we find no abuse of discretion on the part of the trial judge, hence we will not disturb that award.
Accordingly, the judgment of the District Court is amended so as to order defendant to pay a penalty of 12% on the sum of $13,841.32. Otherwise, the judgment is affirmed.
Costs on appeal are assessed % to plaintiffs and lh to defendant.

AFFIRMED, AS AMENDED.