United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10390

KERRY S WATTS, Individually and as Next Friend of on behalf of
Michaela Ann Watts, on behalf of Mary Katherine Watts

Plaintiff - Appellant

v.

BEN DELGADO, Director of the Texas Department of Family and
Protective Services; GENA MCLAUGHLIN, Individually and in Her
Official Capacity as an agent of the Texas Department of Family
and Protective Services; KATHY MEYER, Individually and in Her
Official Capacity as an agent of the Texas Department of Family
and Protective Services; MELISSA MOFFITT, Individually and in Her
Official Capacity as an agent of the Texas Department of Family
and Protective Services; NICOLE DELACERDA, Individually and in
Her Official Capacity as an agent of the Texas Department of
Family and Protective Services; WANDA BENTON, Individually and in
Her Official Capacity as an agent of the Texas Department of
Family and Protective Services

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
USDC No. 4:05-CV-56
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

The notice of appeal filed by plaintiff-appellant Kerry S.
Watts on April 3, 2006 designates the district court's final
judgment and its order denying motion for reconsideration as the
orders appealed from. The final judgment in this case was
entered on December 21, 2005, and the order denying motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reconsideration was entered on March 6, 2006. Fed. R. App. P. 4(a)(1)(A) requires that the notice of appeal must be filed with the district court within 30 days after the judgment or order appealed from. In the event a motion for a new trial under Rule 59 is timely filed, the time to file an appeal of the judgment runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(v). Watts contends that her notice of appeal was timely as to both the judgment and the order denying motion for reconsideration because it was filed within 30 days of March 6, 2006, the date of entry of the order denying motion for reconsideration.

As for the judgment, Watts' argument presumes that the motion for new trial (which was disposed of in the district court's order denying motion for reconsideration) was timely filed. Fed. R. Civ. P. 59(b) requires that a motion for a new trial be filed no later than 10 days after entry of the judgment. Watts' motion for new trial was filed on February 1, 2006, long after the time for filing a motion for a new trial had elapsed. Accordingly, the filing of the motion for new trial did not suspend the time for filing a notice of appeal from the judgment, and the notice of appeal filed on April 3, 2006 was untimely as to the judgment.

As for the order denying motion for reconsideration, although the motion for new trial was untimely under Fed. R. Civ. P. 59(b), it was filed within the one year period contemplated for a motion under Fed. R. Civ. P. 60(b)(1). Treating the motion for new trial as a Rule 60(b)(1) motion, the denial of such a

motion is reviewed for an abuse of discretion.  Watts' appellate brief is focused on the judgment and why it should be reversed; it provides no argument for why the district court abused its discretion in denying the motion for new trial.  Accordingly, this issue is deemed abandoned.  <u>Smith v. State Farm Fire & Casualty Co.</u>, 695 F.2d 202, 206 (5th Cir. 1983).

Appeal DISMISSED.